■ ROBERTA BRESLOW et al., Respondents, v. ALVIN FINGER, Appellant.— Order entered on June 15, 1960, unanimously modified, on the law and on the facts, to the extent of striking the case from the calendar and directing plaintiff husband to appear for a general examination before trial pursuant to rule 121-a of the Rules of Civil Practice, with $20 costs and disbursements to appellant. Upon the husband's action for loss of services and medical expenses he is required to establish the facts proving the liability of the defendant. Therefore, plaintiffs' counsel was not justified in refusing to permit the husband to be examined as to the facts and circumstances of the accident, and in limiting the examination to loss of services alone. Accordingly, since the examination before trial sought by defendant had not been completed, and since defendant had not been afforded a reasonable opportunity to complete such examination, plaintiffs should not have noticed the lawsuit for trial with a statement of readiness that did not reflect the posture of the case. Settle order on notice. Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.

■ In the Matter of the Claim of WILLIAM BROWN, an Infant, et al., Respondents, v. NEW YORK CITY HOUSING AUTHORITY, Appellant.— Order entered on May 10, 1960, granting motion for leave to file notice of claim on behalf of infant pursuant to provisions of section 50-e of the General Municipal Law, unanimously reversed, on the law, on the facts, and in the exercise of discretion, with $20 costs and disbursements to the appellant and the proceedings remanded to Special Term for the taking of additional affidavits or other proof by the infant claimant particularizing the details and circumstances in connection with the alleged delay and the eventual retention of an attorney to prosecute the claim. On this record it has not been established that the disability of infancy was responsible for the delay. Thus, the claimant should reveal when he first learned of the obligation to file a notice of claim, when he first consulted with an attorney, and when he first consulted with his present attorney. Depending upon the facts thus revealed there may be additional matters that claimant should explain in order to justify or excuse the delay in filing his notice of claim. Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.

■ GUSSIE RADDEN, JR., an Infant, by Her Guardian ad Litem, TROY RADDEN, et al., Appellants, v. CITY OF NEW YORK, Respondent.— Order entered on November 23, 1959, denying plaintiff's motion for a preference pursuant to rule IV of the Bronx County Supreme Court Rules, unanimously affirmed, with $20 costs and disbursements to the respondent. Concur — Botein, P. J., Breitel, Stevens, Eager and Noonan, JJ.