■    EAGLE INSURANCE COMPANY, Respondent, v STATE OF NEW YORK, Appellant.—Appeal from an order of the Court of Claims, entered November

30, 1978, which granted claimant permission to file a late claim pursuant to subdivision 6 of section 10 of the Court of Claims Act. In May of 1978, a 1978 Cadillac automobile owned by one Otha Rolling and insured by claimant Eagle Insurance Company was stolen and, as a result of the theft, claimant paid Rolling the sum of $12,223. Later that same month, after receiving a form entitled MV-906 from claimant together with Otha Rolling's title certificate to the vehicle and a lien release from Manufacturers Hanover Trust Company, the Title Bureau of the New York State Department of Motor Vehicles issued to claimant a form entitled MV-907 placing ownership of the subject automobile in the name of claimant. Subsequently, the vehicle was recovered by the Village of Freeport Police and placed in a stolen car pound. On June 22, 1978, the former owner, Otha Rolling, presented his registration for the vehicle to the police and they released it to him after checking with the Department of Motor Vehicles, thereby determining that the vehicle was still registered in Rolling's name. Rolling was thereafter arrested and indicted for stealing the vehicle, but he refuses to divulge its whereabouts. Contending that the State was negligent in maintaining its motor vehicle registration file and in advising the Freeport Police that the Cadillac was still registered in Rolling's name as of June 22, 1978, claimant sought to institute the present claim against the State for its loss of the automobile by filing a verified notice of intention to file a claim in Supreme Court, Nassau County, on September 15, 1978. It also filed an unverified copy of this notice of intention with the Attorney-General on September 19, 1978 and later substituted a verified copy therefor. The net result of these erroneous filing procedures adopted by claimant (see Court of Claims Act, § 11) was that no proper and timely filing of the claim was ever made (Court of Claims Act, § 10, subd 3) and, as a consequence, claimant moved for permission to file a late claim pursuant to subdivision 6 of section 10 of the Court of Claims Act. This motion was granted, and the instant appeal ensued. We hold that the order of the Court of Claims must be affirmed. Although the only excuse offered by claimant for its failure to timely file was inadvertence or clerical error, it is uncontested that the State had timely notice of the essential facts constituting the claim and an opportunity to investigate the claim's underlying circumstances and that it will not be substantially prejudiced by a late filing. It also appears that, absent this claim, claimant may well be left without a meaningful alternative remedy. Moreover, bearing in mind the provisions of section 2107 (subd [b], par [4]) of the Vehicle and Traffic Law, it would appear that claimant has pleaded a meritorious cause of action. Under these circumstances and in view of the broad discretion of the Court of Claims in determining whether or not to allow a late claim (see *Block v New York State Thruway Auth.*, 69 AD2d 930), the order appealed from should not be disturbed. Order affirmed, without costs. Mahoney, P. J., Greenblott, Main and Mikoll, JJ., concur.

Herlihy, J., dissents and votes to reverse in the following memorandum. Herlihy, J. (dissenting). The claimant has failed to establish that the proposed claim has any merit or that a claim could be stated. The State, upon this motion, submitted an affidavit by an employee of the Department of Motor Vehicles which established that the title of the claimant was duly registered. Section 2107 of the Vehicle and Traffic Law specifies that ownership shall also be recorded under the registration number of the vehicles. This record does not establish that any inquiry was made on June 22, 1978 as to the true owner of the car and, in any event, since it is not alleged that the registration had been affected by the change in title, Otha Rolling was entitled to possession of the car. Further, as noted by the

appellant, the teletype computer response submitted by respondent upon this appeal and bearing date of July 10, 1978, shows that the information requested was solely as to the plate or license number. There is no indication that the name of the title holder was requested. The lack of merit is demonstrated by the apparent failure of the claimant to secure from its insured the appropriate portion of the vehicle registration when it acquired the title from its insured. Insofar as the supposed title of the claimant pursuant to its form MV-907 (junked vehicle) is concerned, it is notable that subdivision (e) of section 2129 of the Vehicle and Traffic Law expressly prohibits the issuance of a certificate of title until vehicles reported to the Commissioner of Motor Vehicle as stolen are recovered. The Court of Claims abused its discretion as a matter of law. The order should be reversed and the application denied.