■ In the Matter of ERNEST PERSI, III, et al., Respondents, v CHURCHVILLE-CHILI CENTRAL SCHOOL DISTRICT, Appellant.—Order reversed, without costs, and motion denied. Memorandum: This is an appeal from an order permitting Ernest Persi, III, to file a late notice of claim. The order denied the father's application to file a claim for damages recoverable in his derivative cause of action and no appeal has been taken from that portion of the order. It is alleged in an affidavit by plaintiffs' attorney that Ernest Persi, III, was injured on defendant's property on November 10, 1977. Fourteen months later, on January 16, 1979, plaintiffs made their first application to file a late notice of claim. That motion was denied with leave to renew on proper papers. A second application was made on January 31, 1979. The moving papers in this second application consisted of an attorney's affidavit made upon information and belief and without personal knowledge of the facts and an affidavit of mailing by the attorney's secretary which alleged that she mailed an annexed letter to defendant on March 1, 1978. The letter, mailed after expiration of the 90-day statutory period for filing a notice of claim, was addressed to the "Churchville-Chili High School". It was not served in the manner required by section 50-e of the General Municipal Law but was posted by regular mail and it did not contain a notice of claim but only stated that counsel represented plaintiffs "in the matter of personal injuries" sustained at the school. The school was requested to turn the letter over to its insurance carrier. Upon the return of the motion, plaintiffs contended that the defendant had actual knowledge of the accident and that there was no prejudice to it. They offered no excuse

for the delay in filing the notice of claim or in making application to file a late notice. There is no competent proof of the accident, that defendant had actual knowledge of it or of the claim, and no explanation has been proffered for the long delay in seeking permission to file a late claim. The Legislature has determined that municipalities are entitled to prompt notice of claims made against them. The rigors of the statutory notice requirement have been considerably relaxed by the recent amendment of section 50-e permitting a broader area in which the court may exercise its discretion in granting permission to file a late notice of claim. The petitioner must submit competent evidence, however, upon which the court may exercise its discretion. All concur, except Callahan, J., who dissents and votes to affirm the order, in the following memorandum.

Callahan, J. (dissenting). The Legislature in amending section 50-e of the General Municipal Law (L 1976, ch 745, § 2) conferred upon the court broad discretion to grant leave in cases where the public corporation had knowledge of the incident *(Matter of Beary v City of Rye,* 44 NY2d 398). It has not been our policy to penalize an infant where there is no prejudice to the school district *(Matter of Crume v Clarence Cent. School Dist. No. 1,* 43 AD2d 492). In this case the appellant does not dispute the fact that the school officers were witnesses to the incident and were the parties who notified the parents. Therefore, since appellant had timely notice of the essential facts constituting the claim and an opportunity to investigate the claim's underlying circumstances and will not be substantially prejudiced by a late filing, it was proper for Special Term within its discretion to grant the infant's application (see *Eagle Ins. Co. v State of New York,* 71 AD2d 726). (Appeal from order of Monroe Supreme Court—notice of claim.) Present— Simons, J. P., Schnepp, Callahan, Doerr and Witmer, JJ.