■ DAVID L. COHEN, an Infant, Respondent, v PEARL RIVER UNION FREE SCHOOL DISTRICT, Appellant, et al., Respondent. — Appeal by the Pearl

River Union Free School District from so much of an order of the Supreme Court, Rockland County, entered September 22, 1978, as, upon reargument, granted the application of the infant petitioner for leave to serve a late notice of claim against it. By order dated August 27, 1979, this court reversed the order insofar as appealed from, on the law, and, upon reargument, denied the application to file a late notice of claim on behalf of the infant petitioner against the appellant school district *(Cohen v Pearl Riv. Union Free School Dist.,* 70 AD2d 94). On November 18, 1980 the Court of Appeals reversed the order of this court, held that the tolling provisions of CPLR 208 were applicable to this type of motion, and remitted the matter to this court for further proceedings in accordance with its opinion (51 NY2d 256). Order reversed insofar as appealed from, without costs or disbursements, and case remitted to Special Term for a *de novo* determination, with leave to the parties to submit further affidavits or other proof, in accordance herewith. In our opinion, the conflicting allegations of the parties at Special Term prevent us from determining whether the Pearl River Union Free School District (Pearl River) received actual notice of the accident upon which the claim is based within 90 days of the occurrence, or "within a reasonable time thereafter" (see General Municipal Law, § 50-e, subd 5; cf. *Matter of Persi v Churchville-Chili Cent. School Dist.,* 72 AD2d 946). The proceeding should therefore be remitted to Special Term for a determination *de novo,* with leave to the infant claimant to serve competent evidence through further affidavits or other proof that Pearl River, or its attorney or its insurance carrier acquired actual notice of the essential facts constituting the claim of the infant within 90 days of the accident or within a reasonable time thereafter (see General Municipal Law, § 50-e, subd 5; cf. *Matter of Santora v New York City Housing Auth.,* 27 AD2d 733; *Matter of Brown v New York City Housing Auth.,* 12 AD2d 590); and with leave to Pearl River to submit additional affidavits and other proof in opposition (cf. *Matter of Santora v New York City Housing Auth., supra).* Mollen, P. J., Hopkins, Titone and O'Connor, JJ., concur.