■ In the Matter of CHARLES O. NORSTRAND, Appellant, v

CITY OF ROCHESTER, Respondent.—Order unanimously reversed on the law with costs and petition granted. Memorandum: Petitioner seeks leave to file a late notice of claim against the City of Rochester for damages stemming from the wrongful demolition of three of his buildings. The structures were demolished during a period between October 8 and November 9, 1987. Petitioner asserts that he was not aware of the demolition until late January or early February 1988. This application for leave to serve a late notice of claim was brought on June 23, 1988 and was denied by Supreme Court.

Petitioner was required to serve a notice of claim within 90 days after the claim arose (General Municipal Law § 50-e [1] [a]). The court has broad discretion, however, to grant or deny permission to serve a late notice of claim (see, Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 265). Subdivision (5) of General Municipal Law § 50-e sets forth specific factors to be considered by the court in reaching its decision. On consideration of those factors, we conclude that respondent, having ordered the demolition and having retained a contractor for that purpose, had timely "actual knowledge of the essential facts constituting the claim" (General Municipal Law § 50-e [5]). Moreover, the city does not contend that its ability to maintain a defense has been prejudiced by the delay (see, General Municipal Law § 50-e [5]). It argues only that the relief should not be granted because petitioner failed to offer an adequate excuse for the delay in seeking leave. Although such failure may properly be considered by the court in exercising its discretion (Matter of Persi v Churchville-Chili Cent. School Dist., 72 AD2d 946, 947, affd 52 NY2d 988), the tender of a reasonable excuse is not a precondition to permission to file a late claim (see, Bay Terrace Coop. Section IV v New York State Employees' Retirement Sys., 55 NY2d 979, 981; see also, Passalacqua v County of Onondaga, 94 AD2d 949). In the circumstances presented, petitioner's assertion that he did not know that he was required to file a notice of claim should not foreclose the requested relief. Accordingly, we find that Supreme Court erred in denying petitioner's application. (Appeal from order of Supreme Court, Monroe County, Mastrella, J.—late notice of claim.) Present—Dillon, P. J., Doerr, Lawton, Davis and Lowery, JJ.