OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and petitioners’ application reinstated.
 

 On November 17, 1986, John Callahan, a New York City firefighter, was injured when he stepped through an uncovered catch-basin of a city sewer after alighting from a fire truck. Initially, Callahan’s physician diagnosed a sprained ankle. After expiration of the 90-day period to file a notice of claim against the City, however, Callahan allegedly learned his injuries were more serious, perhaps permanent. Accordingly, prior to the expiration of the one-year-and-90-day limitations period applicable to the underlying cause of action (General
 
 *901
 
 Municipal Law § 50-i), Callahan and his wife sought leave to serve a late notice of claim, and sent a copy of that application to the Corporation Counsel by ordinary mail. The application consisted of a notice of motion with supporting affidavits. Although it received the notice, the City challenged the application on the ground that Supreme Court lacked jurisdiction because petitioners’ papers were not
 
 personally
 
 served upon the Corporation Counsel. Supreme Court agreed with the City and denied petitioners’ application, and the Appellate Division affirmed.
 

 We do not agree that Supreme Court was without jurisdiction to entertain petitioners’ application. Prior to 1976, former subdivision (5) of section 50-e of the General Municipal Law required that service of a notice of application for leave to serve a late notice of claim be made in the same manner as a notice of claim. General Municipal Law § 50-e (3) at that time required that a notice of claim be served either personally or by registered mail.
 

 To address the problem of technical dismissals of potentially meritorious claims, the Legislature in 1976 "loosened” the "tightly woven” provisions that govern applications for permission to serve late notice of claim, "keeping in mind the functional purpose of the notice * * * and the need to balance the interests of the public and of the injured person.” (14th Ann Judicial Conference Report on the CPLR, 1976 McKinney’s Session Laws of NY, at 2072, 2077-2078.) To this end, General Municipal Law § 50-e (3) was amended to authorize a claimant to cure a timely filed but defective notice of claim in certain circumstances. The Legislature also substantially amended section 50-e (5), replacing it with the current version, which generally provides courts with broader discretion to permit claimants to serve late notice of claim
 
 (see, Matter of Beary v City of Rye,
 
 44 NY2d 398, 407-408). The amended version of section 50-e (5), unlike its predecessor, is silent as to the manner of serving an application for permission to file a late notice of claim.
 

 The express service requirements governing service of a notice of claim (General Municipal Law § 50-e [3] [a]), coupled with the deletion of service requirements for applications for permission to serve late notice of claim, evince the Legislature’s intent that courts have broad discretion in entertaining such applications. Failure to specify service requirements must be deemed an intentional omission designed to mitigate the harsh consequences of rigid application of the statutory
 
 *902
 
 provisions as they existed before the amendment. In that respondent here received actual notice of petitioners’ application, it was error for Supreme Court to deny it for want of jurisdiction. A contrary conclusion only restores rigidity to the statute and frustrates the Legislature’s plain intention in its amendments.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.