■ In the Matter of DOROTHY M. IRELAND et al., Appellants, v MILFORD C. HINKLE et al., Respondents.—Casey, J. Appeal from an order of the Supreme Court (Ingraham, J.), entered February 14, 1991 in Cortland County, which denied petitioners' application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

At issue on this appeal is whether Supreme Court erred in denying petitioners' application for leave to serve a late notice of claim upon respondent De Ruyter Central School District (see, Education Law § 3813 [2-a]; General Municipal Law § 50-e [5]). Petitioner Dorothy M. Ireland (hereinafter petitioner) was injured on July 12, 1989 when her vehicle collided with a bus owned by the school district and operated by respondent Milford C. Hinkle. The school district's insurer contacted petitioner within days of the accident and commenced an investigation. The school district does not deny that it knew of the accident and also had an opportunity to investigate.

In September 1989 petitioner received a letter from the administrator of her employer's workers' compensation self-insurance plan advising her to file a notice of claim with the school district before October 12, 1989. A notice of claim was prepared on October 11, 1989 and served on the school district on October 12, 1989, two days after the expiration of the 90-day period contained in Education Law § 3813 (2). In October 1990, petitioner discovered that the notice of claim was late. Shortly before the expiration of the one-year and 90-day period referred to in General Municipal Law § 50-i (see, Education Law § 3813 [2]), petitioner moved for permission to serve a late notice of claim. Supreme Court denied the application and this appeal ensued.

We agree with petitioner that Supreme Court erred in denying the application upon the ground that little or no reason was given for the delay. In Matter of Krohn v Berne-Knox-Westerlo Cent. School Dist. (168 AD2d 826), we held that failure to allege a reasonable excuse for the delay is not fatal to an application for leave to serve a late notice of claim when the school district and its insurer had immediate notice of the

accident and an adequate opportunity to investigate, and there is no indication of prejudice to the school district. In any event, it is apparent that the delay in making the application was due to petitioner's mistaken belief that the notice of claim was timely filed, and the mistake was attributable in part to the confusing advice that was given by the workers' compensation self-insurance administrator. Because the school district and its insurer had prompt notice of the accident and an adequate opportunity to investigate, and in the absence of any indication of prejudice to the school district, we are of the view that petitioner's application should be granted *(see, Matter of Norstrand v City of Rochester,* 159 AD2d 1019; *Matter of Delzotto v County of Warren,* 137 AD2d 950).

The school district contends that Supreme Court's order should be affirmed on the ground that an appropriate school officer *(see,* CPLR 311 [7]) did not receive the moving papers until more than one year and 90 days after the accident, a claim that was rejected by Supreme Court. General Municipal Law § 50-i (1) (c) requires that an action based upon a tort claim against a school district be commenced within one year and 90 days after the happening of the event upon which the claim is based. General Municipal Law § 50-e (5) and Education Law § 3813 (2-a), which contain the discretionary authority for a court to extend the time within which to file a notice of claim, provide that the extension shall not exceed the time limited for the commencement of the action. As a general rule, therefore, a court lacks the authority to permit the late filing of a notice of claim when the application is made after the expiration of the one-year and 90-day period *(Pierson v City of New York,* 56 NY2d 950). When the proceeding to obtain leave to file a late notice of claim is commenced within the one-year and 90-day period, however, the provisions of CPLR 204 (a) operate to toll the running of the one-year and 90-day period until the order granting that relief goes into effect *(Giblin v Nassau County Med. Center,* 61 NY2d 67). The question raised by the school district's argument in this case, therefore, is whether petitioner made the application to obtain leave to file a late notice of claim within the one-year and 90-day period.

On October 10, 1990, the final day of the one-year and 90-day period, petitioner obtained an order to show cause seeking permission to file a late notice of claim. After learning that the president of the school district's board of education was not available, petitioner's process server went to the school district's administrative offices and asked to see the superin-

tendent. When the process server was informed that the superintendent would not be available until the following day, she asked whether there was an attendance officer available to accept service. The process server then served the relevant papers upon the person who was represented as the school district's attendance officer. According to the school district, the person who was served with the motion papers is a secretary and not a supervisor of attendance within the meaning of Education Law § 3213. Thus, the school district contends, personal service was not properly made in accordance with CPLR 311 (7).

We conclude that Supreme Court did not err in rejecting the school district's argument. In *Matter of Callahan v City of New York* (75 NY2d 899), it was held that statutory service requirements are not to be rigidly applied in proceedings to obtain leave to serve a late notice of claim and that the courts have broad discretion in entertaining applications for such leave; such discretion should be exercised when the respondent receives actual notice of the application *(supra,* at 901-902). Because the school district in this case received actual notice of petitioner's application in ample time to oppose it, we are of the view that the application to obtain leave to serve a late notice of claim was made when the papers were served, not when they were actually received by a school officer as required by CPLR 311 (7). The application was therefore timely.

For the reasons previously set forth, Supreme Court's order denying the application for leave to serve a late notice of claim should be reversed and the application should be granted.

Mahoney, P. J., Levine, Mercure and Crew III, JJ., concur. Ordered that the order is reversed, on the law and the facts, with costs, and application granted.