HALL-KIMBRELL ENVIRONMENTAL SERVICES, INC., Respondent, v
EAST RAMAPO CENTRAL SCHOOL DISTRICT et al., Appellants.

Third Department, February 27, 1992

### APPEARANCES OF COUNSEL

*Greenberg, Wanderman & Fromson (Carl L. Wanderman* of counsel), for appellants.

*Cuddy & Feder (Ann Farrissey Carlson* of counsel), for respondent.

### OPINION OF THE COURT

CASEY, J.

In this action plaintiff seeks to recover certain moneys allegedly due and owing under a contract whereby plaintiff agreed to perform inspection and consulting services for defendant East Ramapo Central School District with regard to asbestos in the School District's buildings. Pursuant to the contract, plaintiff's compensation was to be paid in 15 equal monthly installments, with each payment to be made within 30 days of the monthly invoice submitted by plaintiff. A dispute arose concerning the extent of the services to be provided by plaintiff under the contract and the School District failed to pay the final three monthly installments with invoices dated July 13, 1989, August 10, 1989 and September 12, 1989.

After plaintiff commenced this action, defendants moved to dismiss the complaint for, *inter alia,* plaintiff's failure to comply with Education Law § 3813 (1), which requires that a written verified claim be presented to the governing body of a school district within three months of the accrual of the claim. In opposition to the motion, plaintiff alleged that its letter of December 5, 1989, which informed the School District that if the arrears due under the contract were not paid within 10 days an action would be commenced to collect the amount due, constituted substantial compliance with the statutory notice of claim requirement. According to plaintiff, its notice was timely because the claim accrued on November 9, 1989 when plaintiff submitted an itemized statement to the School District showing the three installments as overdue and demanding payment. In the alternative, plaintiff cross-moved for permission to serve a late notice of claim and an amended complaint. Supreme Court agreed with plaintiff's arguments and partially granted the cross motion to the extent of deem-

ing plaintiff's letter of December 5, 1989 a sufficient notice of claim. Defendants appeal.

Defendants contend that Supreme Court erred in concluding that the December 5, 1989 letter constituted substantial compliance with the notice of claim requirement because it was addressed to the School District's Director of Business Operations and not to defendant Board of Education of the East Ramapo Central School District, which is the School District's governing body. Substantial compliance with the statute regarding the degree of descriptive detail in a notice of claim may be sufficient, but the statutory requirements mandating notification to the proper public body or official must be fulfilled *(Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 547). The parties to a contract may, however, waive compliance with the notice of claim provisions, but such a waiver is not to be presumed *(see, Matter of Geneseo Cent. School [Perfetto & Whalen Constr. Corp.],* 53 NY2d 306, 311). Waiver of a statutory notice of claim requirement occurs only when there is an express agreement that it is inapplicable or when the parties have set out detailed procedures which are plainly inconsistent with the notice of claim requirements *(Davis-Wallbridge, Inc. v City of Syracuse,* 71 NY2d 842).

Plaintiff relies upon the contractual provision which specifies the Director of Business Operations as the School District official to whom "[a]ny notices under this agreement shall be given by mail". We conclude, however, that a provision concerning the appropriate School District official to be given "notices under this agreement" does not constitute detailed procedures which are plainly inconsistent with the statutory requirement that a notice of claim arising out of a breach of an agreement be presented to the governing body of the School District. The contract provision relied upon by plaintiff concerns activity undertaken in compliance with the contract, whereas the statutory notice of claim requirements relate to a breach of that contract. Any notices required by the contract could be given to the School District's Director of Business Operations, but a notice of claim had to be presented to the School District's governing body.

Having concluded that plaintiff's letter of December 5, 1989 did not constitute a notice of claim because it was not presented to the School District's governing body, we turn to the question of whether plaintiff's cross motion for permission to serve a late claim should be granted. An extension of the time to serve a notice of claim cannot exceed the time limit for the

commencement of an action (Education Law § 3813 [2-a]), which in the case of a breach of contract action is one year after the cause of action arose (Education Law § 3813 [2-b]). Because a plaintiff's complaint must allege that the body or officer having power to pay the claim has neglected or refused to do so for 30 days after presentment of notice of claim to the school district's governing body (Education Law § 3813 [1]), a plaintiff alleging breach of contract who complies with the notice of claim requirement has one year and 30 days after the cause of action arose to commence an action (CPLR 204 [a]; *see, Burgess v Long Is. R. R. Auth.,* 79 NY2d 777). Presentment of the notice of claim is the act which triggers the 30-day toll *(see, Barchet v New York City Tr. Auth.,* 20 NY2d 1, 7-8) and, therefore, the 30-day toll does not affect the running of the limitations period in the case of a plaintiff who has not presented a notice of claim. Accordingly, as plaintiff did not present a notice of claim to the School District's governing body, its motion for an extension of time to do so must be denied unless the motion was made within one year after the cause of action arose.

A new claim is deemed to accrue for the purposes of Education Law § 3813 when damages become ascertainable *(Matter of City School Dist. [Tougher Indus.],* 173 AD2d 1051). Pursuant to the terms of the contract herein, payment of each monthly installment was due within 30 days of the invoice for that month and, therefore, damages for that installment would be ascertainable upon expiration of the 30-day period. For the three installments that are the subject of this action, the 30-day periods expired August 12, 1989, September 9, 1989 and October 12, 1989. Plaintiff's cross motion papers seeking permission to serve a late notice of claim are dated August 9, 1990 and August 10, 1990, and the cross motion was made returnable on August 17, 1990. Although the record does not indicate when plaintiff's cross motion papers were served, the application was clearly timely as to the latter two installments. As to the earliest of the three installments, August 12, 1990, the expiration date of the one-year period after the claim accrued, was a Sunday and, therefore, the one-year period must be deemed to have expired on the following day, August 13, 1990 (General Construction Law § 25-a). Although plaintiff's cross motion could have been served as late as August 14, 1990, which is three days before the return date of August 17, 1990 (CPLR 2215), the affidavits submitted by plaintiff were in support of the cross motion *and* in opposition

to defendants' motion to dismiss. Pursuant to CPLR 2214 (b), plaintiff's papers in opposition to defendants' motion were required to be served at least seven days prior to the return date. In these circumstances, and in view of the flexibility accorded the courts in entertaining applications for leave to serve a late notice of claim *(see, Matter of Callahan v City of New York,* 75 NY2d 899), we conclude that plaintiff's application, of which defendants had actual notice in ample time to oppose, was timely as to all three installments *(see, Matter of Ireland v Hinkle,* 178 AD2d 823).

We are also of the view that plaintiff's application for leave to serve a late notice of claim should be granted. The School District clearly had prompt notice of the claims and an opportunity to investigate; there is no evidence of any prejudice to defendants. In these circumstances, the application to serve a late notice of claim should be granted despite the absence of an excuse for the delay *(see, supra).*

The net effect of our analysis is to concur in Supreme Court's ultimate conclusion allowing plaintiff's claims to survive defendants' motion to dismiss. Nevertheless, the order must be modified to reflect the technical differences between our analysis and that employed by Supreme Court.

WEISS, P. J., LEVINE and MERCURE, JJ., concur.

Ordered that the order is modified, on the law and the facts, without costs, so as to grant that portion of plaintiff's cross motion for permission to serve a late notice of claim and, as so modified, affirmed.