■ In the Matter of MICHAEL A. JACKSON, Appellant, v BOARD OF EDUCATION, COLTON-PIERREPONT CENTRAL SCHOOL DISTRICT, Respondent. [598 NYS2d 842] —Harvey, J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered April 29, 1992 in St. Lawrence County, which, in a proceeding pursuant to CPLR article 78, dismissed the petition for lack of jurisdiction.

Petitioner was a tenured school teacher at respondent's

junior-senior high school, where his daughter was a student. In April 1991, a petition pursuant to Family Court Act article 10 was filed against petitioner alleging that he abused his daughter. As a result, a temporary order of protection prohibited respondent, *inter alia,* from having any contact with his daughter and required him to "stay away from the school where [his daughter] attends". By letter dated April 5, 1991, respondent's Superintendent informed petitioner that as a result of the Family Court proceeding and the conditions contained in the order of protection, petitioner was suspended with pay. Soon thereafter, petitioner was served with charges pursuant to Education Law § 3020-a seeking to terminate his employment. In August 1991, petitioner pleaded guilty to criminal charges and was incarcerated during the time before he was sentenced. On August 29, 1991, respondent revoked petitioner's suspension with pay and petitioner was notified the next day that such revocation was "effective immediately". Apparently petitioner received no further salary or benefits beginning September 1, 1991.

Subsequently, on September 23, 1991, petitioner was sentenced to a conditional discharge of one year with 60 days' imprisonment. An order of protection was entered the next day in Family Court prohibiting petitioner from having any unsupervised contact with his daughter, who was still a student at respondent's school. On September 27, 1991, petitioner was released from prison. By letter dated that day, petitioner informed respondent's Superintendent that he was "ready, willing and able to perform [his] duties". The Superintendent responded by letter dated October 3, 1991, stating that due to the order of protection it did not appear as if petitioner could perform his duties at that time. A disciplinary hearing was held on October 16, 1991, at which petitioner submitted his resignation effective December 31, 1991. On this same day, petitioner served the Superintendent with a notice of claim requesting his salary for the 1991-1992 school year.

Petitioner then commenced this proceeding alleging that respondent had suspended him without pay in violation of Education Law § 3020-a and requested that his salary for the period from September 1, 1991 through December 31, 1991 be paid. Respondent answered, asserting that the notice of claim had not been properly served on its governing body. In his reply petitioner requested that, if necessary, he be allowed to serve a late notice of claim. Supreme Court dismissed the petition, finding that the notice of claim was not properly served and there were insufficient grounds to grant petitioner

permission to serve a late notice of claim. This appeal by petitioner followed.

Initially, we note that the parties argue at great length whether, following the revocation of petitioner's suspension with pay, he was then wrongfully suspended without pay pending the outcome of his disciplinary hearing *(see, Matter of Janke v Community School Bd.,* 186 AD2d 190, 193) or, as argued by respondent, he was not suspended but simply not paid because he did not report for work. Resolution of this issue is not required in this case, however, because even assuming that petitioner was suspended without pay, it is apparent from an examination of the petition that petitioner is not attempting to pursue the kind of public interest that would remove the necessity of filing a notice of claim *(see, e.g., Mills v County of Monroe,* 59 NY2d 307, 311-312, *cert denied* 464 US 1018; *Union Free School Dist. No. 6 v New York State Human Rights Appeal Bd.,* 35 NY2d 371, 380). It is apparent from petitioner's papers that he is seeking to vindicate his private right to money damages for salary withheld and, therefore, it was necessary for him to comply with the notice of claim requirements of Education Law § 3813 (1) *(see, Matter of Belluardo v Board of Educ.,* 68 AD2d 887; *see also, Matter of Vail v Board of Coop. Educ. Servs.,* 115 AD2d 231, 232, *lv denied* 67 NY2d 606).

Turning to the issue of petitioner's alleged compliance with these requirements, we note that it is a condition precedent to commencement of a special proceeding against a school district that a notice of claim be presented to the "governing body" of such school district within three months after the accrual of the claim *(see,* Education Law § 3813 [1]; *Matter of Vail v Board of Coop. Educ. Servs., supra)* and "notification to the proper public body or official must be fulfilled" *(Hall-Kimbrell Envtl. Servs. v East Ramapo Cent. School Dist.,* 177 AD2d 56, 58; *see also, Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 547). In this case, petitioner served the notice of claim solely on the Superintendent, who is not a member of the governing body or the clerk of the governing body of respondent. Accordingly, Supreme Court did not err in concluding that petitioner did not comply with the mandates of Education Law § 3813 (1).

When a notice of claim is not timely served, "the court, in its discretion, may extend the time to serve [such] notice of claim" (Education Law § 3813 [2-a]; *see, Matter of Ireland v Hinkle,* 178 AD2d 823, 823-824; *Hall-Kimbrell Envtl. Servs. v East Ramapo Cent. School Dist., supra,* at 60). In determining

whether to grant such an extension, the court should consider whether the applicable district had prompt notice of the claim and an opportunity to investigate it or if such district was substantially prejudiced in maintaining a defense on the merits *(see,* Education Law § 3813 [2-a]). While petitioner points out that his service of his claim upon the Superintendent should have provided ample notice of his claim with no resulting prejudice, we note that petitioner's papers failed to set forth any facts establishing the extent of respondent's alleged knowledge of the claim or that respondent would not be prejudiced in defending the claim on the merits. Accordingly, we cannot find that Supreme Court abused its considerable discretion by denying petitioner's application for leave to serve a late notice of claim *(see, Matter of Ireland v Hinkle, supra; Hall-Kimbrell Envtl. Servs. v East Ramapo Cent. School Dist., supra).*

Mikoll, J. P., Levine, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.