■ Hugh Monaghan et al., Respondents, v Liberty Lines Transit, Inc., et al., Appellants. [606 NYS2d 33] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Westchester County (Gurahian, J.), entered July 26, 1991, which granted the plaintiffs' motion to dismiss their affirmative defense of failure to comply with General Municipal Law § 50-e, and denied their cross motion to dismiss the complaint for failure to timely serve a notice of claim.

Ordered that the order is affirmed with costs.

Following a motor vehicle accident between the plaintiff Hugh Monaghan's vehicle and a bus which was registered to the Westchester County Department of Transportation, the plaintiffs timely served a notice of claim upon the Westchester County Department of Transportation. However, the notice of claim was rejected, since it was not served upon the "public corporation", i.e., the County of Westchester (General Municipal Law § 50-e). Because the statutory period within which to serve a notice of claim had then expired, the plaintiffs moved for leave to serve a late notice of claim. This motion was granted, and the plaintiffs were directed to serve the notice within 20 days after entry of the order. Inadvertently, how-

ever, the service was not effected until the twenty-first day after entry of the order. Thereafter, the plaintiffs served a complaint and the defendants interposed an answer alleging, *inter alia,* the affirmative defense of failure to comply with General Municipal Law § 50-e. The plaintiffs then moved to dismiss this defense and the defendants cross-moved to dismiss the complaint. The Supreme Court granted the plaintiffs' motion and denied the defendants' cross motion. We affirm.

The trial court was vested with broad discretion to determine in the first instance whether or not the plaintiffs should be permitted to file a late notice of claim *(see, Matter of Callahan v City of New York,* 75 NY2d 899). Mindful that the court decided to grant the initial application, we cannot perceive any prejudice which could have resulted to the defendants from the fact that service was made on the twenty-first day after the entry of the order granting leave to serve a late notice instead of within 20 days, as directed in the order. In the absence of prejudice, it was not an improvident exercise of discretion to grant the plaintiffs' motion and to deny the defendants' cross motion *(see,* General Municipal Law § 50-e [5]; *Rosenblatt v City of New York,* 160 AD2d 927). Lawrence, J. P., Eiber, O'Brien and Santucci, JJ., concur.