NEAL DUNLEVY et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v YOUTH TRAVEL ASSOCIATES, INC., et al., Defendants, and NEW HARTFORD CENTRAL SCHOOL DISTRICT, Respondent. (Appeal No. 1.) [608 NYS2d 30] — Order unanimously reversed on the law without costs, defendant New Hartford Central School District's motion denied, complaint reinstated and plaintiffs' motion granted. Memorandum: Plaintiffs Neal and Barbara Dunlevy are certified representatives of all other plaintiffs in this class action brought against, *inter alia,* defendant New Hartford Central School District (defendant) to recover deposits paid to a travel agency in connection with a planned student trip to France and Spain organized by defendant. Because of the Persian Gulf War the trip was cancelled, but the travel agency failed to return the deposits and subsequently defaulted in the action brought against it and its agent. The same action included defendant as a party.

The claim accrued on February 1, 1991, the last day for mailing a request to the travel agency for a refund under the terms of its guarantee, and plaintiffs were, therefore, obligated to serve a notice of claim on defendant within three months thereafter, pursuant to Education Law § 3813 (1). Because they failed to do so, defendant's motion to dismiss the complaint was properly granted. Thereafter, on November 22, 1991, plaintiffs served a notice of claim but did not obtain court approval, as required by Education Law § 3813 (2-a). That notice was, therefore, a nullity.

On January 7, 1992, plaintiffs moved for leave to serve a late notice of claim and an amended complaint naming defendant as a party and alleging service of the notice of claim upon defendant. Supreme Court granted plaintiffs leave to add defendant's name to the caption of the summons and complaint "as a prospective defendant" and, without explanation, deferred ruling on plaintiffs' motion to serve a late notice of claim. Thereafter, on March 13, 1992, the court signed an order prepared by plaintiffs' counsel. That order failed to incorporate the terms of the court's decision. There was no recitation that the court had deferred deciding the motion for leave to serve a late notice of claim, and the final ordering

paragraph mistakenly recited, "all other relief requested herein is hereby denied". That was an inadvertent lapse. Counsel's statements on the record and in his letter to the court of February 14, 1992 are undisputed; they accurately recite the sequence of events and reflect the understanding that the decision regarding plaintiffs' motion to file a late notice of claim had been deferred by the court. Because the March 13, 1992 order incorrectly stated the court's decision, the court erred in denying plaintiffs' motion to resettle that order. Where there is a conflict between a court's decision and the court's written order, the decision controls *(Ansonia Assocs. v Ansonia Tenants Coalition,* 171 AD2d 411; *Di Prospero v Ford Motor Co.,* 105 AD2d 479).

The court also erred in granting defendant's subsequent motion to dismiss the complaint for plaintiffs' failure to serve a notice of claim within the one year and 90 day period mandated by Education Law § 3813 (2). Plaintiffs moved for leave to file a late notice of claim on January 7, 1992, well within the statutory period. The court's failure to act upon that motion should not have operated to the disadvantage of plaintiffs. In effect, that motion remained undecided and, therefore, the statutory period was tolled pending decision *(see,* CPLR 204 [a]; *Giblin v Nassau County Med. Ctr.,* 61 NY2d 67; *Matter of Ireland v Hinkle,* 178 AD2d 823).

In their response to defendant's motion to dismiss, plaintiffs requested that the court grant their previous motion to file a late notice of claim. Although the court failed to rule on that motion, which was in effect a cross motion, it is deemed denied *(see, Brown v U.S. Vanadium Corp.,* 198 AD2d 863). Plaintiffs having appealed from that order, the issue is before us. Because the record supports the requested relief, we reverse Supreme Court's order and grant plaintiffs' motion seeking leave to serve a late notice of claim and leave to amend their complaint to name defendant as a party and to allege that the notice of claim has been served *(see, Matter of Ireland v Hinkle, supra; see also, Gordon Dana Madris Realty v Eastchester Union Free School Dist.,* 125 AD2d 541). (Appeal from Order of Supreme Court, Oneida County, Grow, J.—Dismiss Complaint.) Present—Callahan, J. P., Pine, Lawton, Doerr and Boehm, JJ.