■ In the Matter of JOSEPH BLAIR et al., Appellants, v COUNTY OF ONTARIO, Respondent. [744 NYS2d 743] —Appeal from an order of Supreme Court, Ontario County (Henry, Jr., J.), entered July 12, 2001, which denied petitioners' application to serve a late notice of claim.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs and the application is granted upon condition that the proposed notice of claim is served within 20 days of service of a copy of the order of this Court with notice of entry.

Memorandum: Petitioners' claim arose on June 5, 2000 when petitioner Joseph Blair sustained injury as the result of an accident at a landfill owned by respondent. By application filed April 6, 2001, petitioners sought leave to serve a late notice of claim. Supreme Court erred in denying the application. The record establishes that respondent received actual notice of the facts underlying the claim immediately after the accident (*see Matter of Ireland v Hinkle*, 178 AD2d 823, 823-824), and it does not support the contention of respondent that it will be prejudiced by petitioners' delay in serving a notice of claim. "While the exact conditions of the accident scene cannot be reconstructed, * * * precise reconstruction could not have been effected had the claim been timely served" (*Matter of Rotoli v Town of Gaines*, 184 AD2d 1085, 1086). Further, petitioners' failure to offer a reasonable excuse for the delay in serving a

notice of claim "is not fatal where, as here, actual notice was had and there is no compelling showing of prejudice to" respondent (*Matter of Drozdzal v Rensselaer City School Dist.*, 277 AD2d 645, 646).

We reject respondent's contention that the appeal has been rendered moot by the expiration of the statute of limitations during the pendency of the appeal. CPLR 204 (a) serves to toll the running of the statute of limitations while an application to serve a late notice of claim is pending (*see Giblin v Nassau County Med. Ctr.*, 61 NY2d 67, 74; *Barchet v New York City Tr. Auth.*, 20 NY2d 1, 7). The statute of limitations remains tolled "until the order granting that relief goes into effect" (*Ireland*, 178 AD2d at 824), i.e., during the pendency of this appeal. Present—Green, J.P., Hayes, Hurlbutt, Burns and Gorski, JJ.