[819 NYS2d 153]

MLB Industries, Inc., Appellant, v East Greenbush Central School District, Respondent.

Third Department, July 13, 2006

APPEARANCES OF COUNSEL

*Tobin & Dempf, L.L.P.*, Albany (*Michael L. Costello* of counsel), for appellant.

*Ferrara, Fiorenza, Larrison, Barrett & Reitz, P.C.*, East Syracuse (*Brian J. Smith* of counsel), for respondent.

*Couch White, L.L.P.*, Albany (*Joel M. Howard III* of counsel), for General Building Contractors of New York State, Inc., amicus curiae.

*Nolan & Heller, L.L.P.*, Albany (*Terence J. Burke* of counsel), for Northeastern Subcontractors Association, Inc., amicus curiae.

## OPINION OF THE COURT

MUGGLIN, J.

Plaintiff, a general contractor, entered into a modified American Institute of Architects (hereinafter AIA) construction contract with defendant for alterations and additions to Columbia High School in the Town of East Greenbush, Rensselaer County. Prior to completion, plaintiff, contending that actions of

defendant had resulted in unanticipated costs, submitted a claim summary—as required by the AIA agreement—to the project architect. Thereafter, to preserve its claim, plaintiff filed a notice of claim pursuant to Education Law § 3813. Defendant demanded preaction examination of the specifics of the claim pursuant to Education Law § 1724. Plaintiff, asserting that its claim was not subject to such examination, sought injunctive relief, which Supreme Court denied. Plaintiff appealed and sought stays pending appeal, which were also denied. Some (but apparently not all) of the Education Law § 1724 examinations have been held, causing defendant to assert that this appeal is moot. We hold that the exceptions to the mootness doctrine apply and, upon consideration of the primary issue, find that Education Law § 1724 is not applicable and reverse.

■ To the extent, if any, that Education Law § 1724 examinations are continuing, the appeal is not moot. Even if completed, the appeal may be entertained where the issue is substantial, likely to recur and involves a circumstance readily capable of evading judicial review (*see Matter of M.B.*, 6 NY3d 437, 447 [2006]; *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715 [1980]). We do not take the narrow view that this is simply a contract dispute between these two parties. AIA contracts are widely used in the construction industry in this state and contain dispute resolution provisions which differ from those found in Education Law § 1724. Thus, the issue is substantial because permitting Education Law § 1724 review and examination negates the contract provisions. Moreover, if permitted here, the likelihood of recurrence is manifest and, absent a stay (as here occurred), the issue would typically evade judicial review because the examinations could be completed before an appeal could be heard.

■ Turning to the basic issue, it is apparent that Supreme Court construed plaintiff's written notice of claim, filed pursuant to Education Law § 3813, as a verified request for payment subject to the audit procedures found in Education Law § 1724. We disagree with that assessment for two reasons. First, a written notice of claim is required under Education Law § 3813 as a condition precedent to the institution of an action seeking to recover on that claim (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539, 547 [1983]) and to preserve its right to institute the appropriate litigation within the requisite time frame (*see Hall-Kimbrell Envtl. Servs. v East Ramapo Cent. School Dist.*, 177 AD2d 56, 59 [1992]). Thus, Education Law § 3813 contemplates that a claim is fully accrued and the sec-

tion is designed to give the defendant timely notice of it so that an investigation may be conducted (*see Parochial Bus Sys. v Board of Educ. of City of N.Y., supra* at 547). In contrast, Education Law § 1724 involves the audit and payment of bills presented to a school district, as it provides in pertinent part as follows:

> "No claim against a . . . school district . . . shall be paid unless an itemized voucher therefor approved by the officer whose action gave rise or origin to the claim, shall have been presented to the board of education . . . and . . . been audited and allowed . . . The board of education, in considering any claim, may require any person presenting the same to be sworn before it or before any member thereof and to give testimony relative to the justness and accuracy of such claim, and may take evidence and examine witnesses under oath in respect to the claim."

Thus, no claim accrues and no Education Law § 3813 notice would be required unless and until the board of education rejected the claim.

Second, the AIA contract, as a condition precedent to the institution of litigation, requires plaintiff to submit any claim for payment to the architect whose decision is binding on the parties. Upon rejection of the claim, the contract permits either party to institute litigation, and discovery would then be governed by the appropriate provisions of the CPLR, including preaction discovery (*see* CPLR 3102 [c]). Notably, the board of education is not involved in this claim process, other than to accept or reject the determination of the architect. We thus conclude that the contractual provisions for dispute resolution govern and that Education Law § 1724 has no application. Consequently, we reverse Supreme Court and grant plaintiff's application for a declaratory judgment enjoining defendant from conducting any further examinations under Education Law § 1724.

MERCURE, J.P., CREW III, ROSE and KANE, JJ., concur.

Ordered that the order is reversed, without costs.