■ In the Matter of CARMEN E.M. CIAMPA, Respondent, v MERCEDES P. MORI, Appellant, et al., Respondent. [832 NYS2d 683]—

Crew III, J.P. Appeal from an order of the Family Court of Ulster County (Mizel, J.), entered May 12, 2006, which granted petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody.

Respondent Mercedes P. Mori (hereinafter respondent) is the biological mother of four children, two of whom, Solomon and Isaiah (born in 1995), are the subject of this proceeding. By order entered August 30, 2001, Family Court (Hummel, J.) granted respondent Louis Ciampa Sr., respondent's father, custody of Solomon, Isaiah and their older brother, Adam. Upon respondent's appeal, this Court affirmed (*Matter of Ciampa v Ciampa,* 301 AD2d 876 [2003]).

At the time that Ciampa was granted custody of his grandchildren, he had been divorced from petitioner, respondent's mother, for some time. After Ciampa was awarded custody, however, petitioner began to travel from her home in Connecticut on weekends to help care for her grandchildren. In 2002, Ciampa and petitioner reconciled, and petitioner moved back into Ciampa's home. In October 2003, Ciampa and petitioner remarried, at which time petitioner assumed responsibility for the day-to-day care of her grandchildren.

Additional proceedings between the parties ensued including, insofar as is relevant to the instant appeal, an application filed by respondent in May 2003 seeking custody of her children. By order entered December 11, 2003, Family Court (Nichols, J.), upon stipulation of the parties, again awarded Ciampa custody of Adam, Solomon and Isaiah and, additionally, increased respondent's visitation periods with the children. Ultimately, in December 2005, petitioner commenced the instant modification proceeding seeking joint custody of Solomon and Isaiah.* Following a hearing, Family Court (Mizel, J.), granted petitioner's application and awarded petitioner and Ciampa joint custody of Solomon and Isaiah. This appeal by respondent ensued.

We affirm. As a preliminary matter, although petitioner's application sought to modify the original August 2001 custody order, Family Court treated it as one to modify the resulting December 2003 order, apparently electing to overlook the irregularity in petitioner's pleading (*see* CPLR 2001). As we perceive no prejudice or abuse of discretion in this regard, Family Court's decision on this point will not be disturbed.

---

* Adam has attained majority and is not the subject of this proceeding.

Turning to the merits, we reject respondent's contention that petitioner failed to demonstrate a sufficient change in circumstances to warrant modification of the December 2003 custody order. While it is true that petitioner and Ciampa remarried shortly before entry of the December 2003 order, the resulting stability the couple has established for the children as a family unit, together with petitioner's now daily influence over and presence in the children's lives, is sufficient to demonstrate the requisite change in circumstances. As for whether modification of the prior custody order is in the children's best interests, we agree with Family Court that the record as a whole fails to disclose a credible reason why petitioner should not have joint custody of Solomon and Isaiah. Although respondent testified as to her strained relationship with petitioner and alleged that such relationship has, in turn, negatively impacted her relationship with her children, Family Court expressly discredited respondent's testimony on this point. For her part, petitioner testified that she has never prevented respondent from having a relationship with Solomon and Isaiah and that she would abide Family Court's written directives regarding respondent's visitation rights. As Family Court's decision has a sound and substantial basis in the record as a whole, it is affirmed. Respondent's remaining challenges to petitioner's application, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Peters, Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.