(August 23, 2007)

■ Conmas, Inc., Respondent, v Tully Central School District, Appellant. [841 NYS2d 182]—

Mugglin, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered February 21, 2006 in Broome County, which, inter alia, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff was one of several prime contractors on a project to construct additions and make alterations at defendant's high school and elementary school. Plaintiff's contract involved general construction, masonry and site conditions. During 2003 and the first eight months of 2004, plaintiff had several disputes with defendant's architect and construction manager concern-

ing whether certain aspects of the work it performed were covered by the terms of the contract or constituted extra work for which additional compensation should be awarded. Because the architect determined that all work performed was required by the terms of the original contract, on October 15, 2004, plaintiff aggregated all the disputed work in a document entitled change proposal No. 61 and submitted it to the architect who referred it to the construction manager. By letter dated November 5, 2004, the construction manager advised plaintiff that change proposal No. 61 was "rejected in its entirety." Despite the execution of a certificate of substantial completion on November 2, 2004, both parties acknowledge that plaintiff had several punch list items to complete and that defendant claimed that plaintiff's performance of certain items of work was deficient. Plaintiff's officers and defendant's superintendent and business manager met on January 5, 2005 and April 14, 2005, but they were unsuccessful in resolving their differences. In fact, the parties dispute whether these negotiations included the items contained in change proposal No. 61, but they do acknowledge that they discussed the punch list items and unsatisfactory work.

On March 16, 2005, plaintiff served a notice of claim* and, by complaint filed May 19, 2005, commenced this action. After joinder of issue and considerable discovery, defendant sought summary judgment arguing, first, that plaintiff failed to timely serve its notice of claim and, second, that plaintiff failed to properly state a cause of action because it did not allege compliance with the notice of claim requirements. Plaintiff crossmoved for permission to file a late notice of claim if Supreme Court agreed with defendant's position. Supreme Court found that defendant failed to meet its initial burden of establishing that it had definitely denied payment more than three months before plaintiff filed its notice of claim (see Education Law § 3813 [1]) and denied summary judgment. Nevertheless, because this issue might ultimately be determined in defendant's favor, Supreme Court held in abeyance plaintiff's cross motion which sought permission to file a late notice of claim.

Our analysis begins with the statute. Education Law § 3813 (1) requires there to be an allegation in a complaint against a school district that a written verified claim was presented to the

---

* Notably, on July 15, 2005, plaintiff filed an additional notice of claim alleging damages in a sum yet to be determined for defendant's refusal to allow plaintiff to complete its contract and for other alleged interferences with its work. Obviously, this claim postdates the complaint and is not a part of this action.

governing board within three months of the accrual of the claim and that the claim was either rejected or payment has been neglected for 30 days. In addition, where the action is for moneys due arising out of a contract, accrual of the claim is deemed to occur on the date that payment is denied. Education Law § 3813 (2-a) permits a court, in its discretion, to extend the time to serve the notice of claim, but such extension cannot exceed the time limited for the commencement of an action. The action must be commenced, pursuant to Education Law § 3813 (2-b), within one year of the time that the cause of action arose. The general rule has evolved that no Education Law § 3813 notices are required until the board of education has unambiguously rejected a claim (see MLB Indus., Inc. v East Greenbush Cent. School Dist., 33 AD3d 149, 152 [2006]).

Here, plaintiff's claim must be analyzed using a two-step process as it involves items in addition to those included within change proposal No. 61, including, among other things, a claim for contract retainages. First, inasmuch as the construction manager, the agent for defendant, unequivocally rejected change proposal No. 61 on November 5, 2004, in effect, payment was denied on that date and plaintiff's cause of action accrued (see Lenz Hardware, Inc. v Board of Educ. of Van Hornesville-Owen D. Young Cent. School Dist., 24 AD3d 1278, 1279 [2005]). As a consequence, plaintiff's March 2005 notice of claim was untimely with respect to those items contained in change proposal No. 61, and Supreme Court should not have held in abeyance plaintiff's cross motion for leave to file a late notice of claim with respect to those items.

Second, unlike change proposal No. 61, which was clearly for extra work not included in the contract, the balance of the March 2005 notice of claim contains an item identified as "[n]onpayment of approved and pending applications for payment in the amount of approximately $87,180." It represents a claim "for monies due arising out of contract" (Education Law § 3813 [1]), and did not accrue until the dates payments were denied (see Albany Specialties v Shenendehowa Cent. School Dist., 307 AD2d 514, 514-515 [2003]). Defendant did not allege when denial of payment occurred and, on this record, it does not appear to be possible to determine whether or when plaintiff's requisitions were denied. Accordingly, Supreme Court's denial of summary judgment should be affirmed to this extent.

Lastly, because plaintiff did allege filing of a notice of claim and stated that defendant had "recently" refused payment, the complaint's omission of a further allegation that the notice was

filed within 90 days of accrual is a technical defect which Supreme Court properly disregarded pursuant to CPLR 2001 (*see Matter of Ciampa v Mori*, 38 AD3d 1074, 1075 [2007]; *Gianunzio v Kelly*, 90 AD2d 623, 624 [1982]; *see also Cave v Kollar*, 2 AD3d 386, 388 [2003]).

Crew III, J.P., Carpinello, Rose and Kane, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment with respect to the items contained in change proposal No. 61; matter remitted to the Supreme Court for consideration of plaintiff's cross motion for leave to file a late claim with respect to change proposal No. 61; and, as so modified, affirmed.