(March 27, 1997)

■ Erwin Weiss et al., Appellants, v City of New York, Respondent. [655 NYS2d 34] —Order of the Supreme Court, New York County (Louis York, J.), entered March 6, 1996, which adhered to a prior ex parte determination denying leave to petitioners to file a late notice of claim, is unanimously reversed, on the law and the facts, without costs or disbursements, and petitioners' motion for leave to file a late notice of claim is granted nunc pro tunc. Appeal from the order of the same Court and Justice, entered on or about November 29, 1995, which declined to sign the petitioners' order to show cause seeking leave to file a late notice of claim, is unanimously dismissed, without costs or disbursements.

Petitioner Erwin Weiss was allegedly injured in a fall from a ladder, on July 29, 1995, while installing a traffic signal pursuant to his employer's contract with the respondent City. Petitioners retained counsel on November 1, 1995, and counsel submitted the first order to show cause for leave to serve a late notice of claim on November 3, 1995. The 90-day period had expired on October 28, 1995. After the court's denial of this ex parte application, petitioners' counsel faxed a letter to the City on November 14, 1995, with the proposed notice of claim

containing all the pertinent and necessary information about the accident, and submitted once more an order to show cause for leave to file a late notice of claim, which the court again declined to sign. Petitioners then moved by notice of motion for the same relief and the IAS Court denied the motion (improperly denominated one for "renewal and reargument"). This denial of leave was an improvident exercise of discretion.

Initially, the IAS Court erred by requiring, in addition to the statutory factors enumerated in General Municipal Law § 50-e (5), that petitioners offer evidence of a meritorious claim against respondent (*see, Matter of Strauss v New York City Tr. Auth.*, 195 AD2d 322 [and cases cited therein]). Ordinarily, courts should not delve into the merits of an action in determining an application to file a late notice except in the rare case when the claim is "patently meritless" (*Matter of Katz v Town of Bedford*, 192 AD2d 707, 708). A review of petitioners' proposed notice shows that this was not the case herein. In addition, contrary to the finding of the IAS Court, there was no showing by the City that it suffered substantial prejudice due to the late notice. In fact, the City, in its opposition to petitioners' motion, did not even assert that there *was* any prejudice, much less specify how its ability to defend or investigate had been impaired, by the short delay (which was as little as six days, but in no event greater than 16 days). The November 14, 1995 letter faxed to the Corporation Counsel provided the City with actual knowledge of the essential facts underlying petitioners' claims within a reasonable time after expiration of the statutory period (General Municipal Law § 50-e). Finally, the absence of a reasonable excuse for the short delay is not fatal by itself, given respondent's knowledge and lack of prejudice to it (*Chattergoon v New York City Hous. Auth.*, 197 AD2d 397, 398). Concur—Murphy, P. J., Milonas, Nardelli and Andrias, JJ.