OPINION OF THE COURT
Michael E. Hudson, J.
This application for leave to file a late claim compels consideration of the relationship between Court of Claims Act § 10 and Public Authorities Law § 3567, as well as the procedure to be followed in the pursuit of a cause of action against Roswell Park Cancer Institute Corporation following the enactment of title 4 of article 10-C of the Public Authorities Law, the “Roswell Park Cancer Institute Corporation Act,” effective October 14, 1997.
Claimant seeks to file a claim for medical malpractice, alleging that the breast cancer first diagnosed by her physician, an employee of Roswell Park, on or about April 23, 2003, was present in mammographies previously performed at that hospital on February 26, 2002 and September 3, 2002 and possibly at an earlier date. Claimant further urges that the mammograms had been conducted in an ongoing monitoring of certain breast abnormalities, rather than routine diagnostic tests. In support of her application, claimant has submitted affirmations from three physicians, including Ronald L. Hainen, M.D., a board certified diagnostic radiologist, who supports that the failure of Roswell Park employees to diagnose claimant’s breast cancer in 2002 resulted from a clear deviation from accepted medical practice, and that a timely interpretation of claimant’s true condition would have enhanced her long-term survival.
Claimant has based her application on Court of Claims Act § 10 (6), which allows the court to exercise discretion to permit a claim to be filed, notwithstanding the failure to either serve a notice of intention to file a claim or file and serve a claim proper within certain time constraints — here, pursuant to Court of Claims Act § 10 (3), 90 days after accrual. Section 10 (6) sets forth six specific factors among those to be considered in determining whether to allow a late claim. The time limitation for such an application would mirror the statute of limitations for commencement of a like claim against a citizen of the state *558 under CPLR article 2, in this instance “within two years and six months of the act, omission or failure complained of’ (CPLR 214-a). It is claimant’s position that a review of the six factors weighs strongly in her favor, and that her application is not time-barred for either of the medical procedures conducted during 2002.
In response, Roswell Park has effectively challenged the applicability of section 10 (6), and instead relies upon Public Authorities Law § 3567 (1) and General Municipal Law § 50-e to urge that a late claim cannot be permitted in the absence of a notice of claim. Defendant also contends that the one-year and 90-day statute of limitations set forth in section 3567 (1) (c) would bar some or all of the claims of malpractice. The hospital has directly responded to only one of the six factors addressed by claimant in her application, i.e., whether a meritorious claim exists.
On review, the court accepts the hospital’s assertions that claimant must comply with the provisions of Public Authorities Law § 3567 (1), and, by reference therein, General Municipal Law § 50-e, in the pursuit of her claim. Section 3567 (1) is clear and unambiguous on its face, and should be interpreted as set forth. “It is fundamental that a court, in interpreting a statute, should attempt to effectuate the intent of the Legislature, and where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning of the words used” (Patrolmen’s Benevolent Assn. v City of New York, 41 NY2d 205, 208 [1976] [citations omitted]). The plain language of section 3567 (1) compels that
“no action or special proceeding shall be prosecuted or maintained against the corporation . . . for personal injury . . . alleged to have been sustained by reason of the negligence, tort or wrongful act of the corporation or of any member, officer, agent or employee thereof, unless: (a) notice of claim shall have been made and served upon the corporation within the time limit set by and in compliance with section fifty-e of the general municipal law, (b) it shall appear by and as an allegation in the complaint or moving papers that at least thirty days have elapsed since the service of such notice and that adjustment or payment thereof has been neglected or refused, (c) the action or special proceeding shall be commenced within one year and ninety days af *559 ter the happening of the event upon which the claim is based . . . .”
Although Public Authorities Law § 3567 (6) places the venue for such claims in this court, the statute makes no reference to the Court of Claims Act or the claim procedures set forth therein. For that reason this application differs significantly from the circumstance presented in Traina v New York State Olympic Regional Dev. Auth. (165 Misc 2d 870 [1995]), wherein the court, in the context of a motion for leave to file a late claim against the Olympic Regional Development Authority (ORDA) pursuant to Court of Claims Act § 10 (6), was required to assess the relationship between the inconsistent filing and service requirements set forth in the General Municipal Law and the Court of Claims Act. Both of those provisions were referenced in Public Authorities Law § 2622, which authorizes claims against ORDA and related entities. Traína rejected, inter alia, a statutory interpretation that would have created a hybrid commencement procedure for claims filed in this court against ORDA, noting that the inconsistent statutory provisions had been enacted at different times, and addressed two different circumstances, each requiring compliance with a different procedure. The court instead interpreted section 2622 (4) as applying exclusively to claims against ORDA, to be venued in the Court of Claims “in the same manner and to the extent provided and subject to the provisions of the court of claims act with respect to claims against the state,” while the provisions of section 2622 (1) and (2) would govern claims against other persons and entities within the purview of the statute, to be venued in Supreme Court, with those claims subject exclusively to the requirements of General Municipal Law § 50-e. Here, in contrast, Public Authorities Law § 3567 is part of a single enactment, with one process and venue established for the pursuit of claims against the hospital, its members, officers and employees. Of critical significance, section 3567 (1) is exclusive in its requirement for compliance with General Municipal Law § 50-e, and, unlike Public Authorities Law § 2622 (4), lacks any reference to the Court of Claims Act. In that regard, the Roswell Park claims procedure also varies from other statutes conferring exclusive jurisdiction upon the Court of Claims to hear matters against state authorities and entities, which have expressly subjected that jurisdiction to the procedures and limitations of the Court of Claims Act in language that mirrors that set forth within section 2622 (4) (see Public Authorities Law § 163-a [former Jones Beach State Parkway Authority; abolished 1978]; § 212-a [former Bethpage Park Authority; abolished 1975]; § 361-b [New *560 York State Thru way Authority]; see also, similar language within Education Law § 6224 [4] [City University of New York]). Nevertheless, Public Authorities Law § 3567 (1) is clear on its face, and the court will give effect to its notice of claim requirements as a condition precedent to the pursuit of tort-type claims against that institution, as well as its one-year and 90-day statute of limitations.
The court will next address the degree to which claimant might be obligated to comply with the late claim and related provisions of Court of Claims Act § 10 (6), in addition to the requirements of Public Authorities Law § 3567 (1). Several rules of statutory construction will guide that determination. First, in the absence of an irreconcilable conflict, statutory provisions are to be read together, since the Legislature is presumed to create laws in harmony with those in existence at the time of the new enactment (see McKinney’s Cons Laws of NY, Book 1, Statutes § 391). Repeal by implication is disfavored, and will only be decreed where such a conclusion is unavoidable, as when repugnancy between the two statutes is plain (Cimo v State of New York, 306 NY 143, 148-149 [1953]). Conversely, where two statutes cannot be harmonized, the subsequent provision prevails over the preexisting and irreconcilably conflicting provision (see McKinney’s Cons Laws of NY, Book 1, Statutes § 398), and a prior general statute ordinarily must yield to a later specific or special statute (Erie County Water Auth. v Kramer, 4 AD2d 545, 550 [1957], affd 5 NY2d 954 [1959]). Similarly, “[w]hen the Legislature creates a new right of action, otherwise unknown to the law, and in the statute of creation imposes a time limitation, that limitation is part of the grant of power and the bringing of such an action is subject to that limitation and no other” (Cimo v State of New York, supra at 150 [citations omitted]). Here, the one-year and 90-day statute of limitations set forth in Public Authorities Law § 3567 (1) (c) is wholly inconsistent with provisions in Court of Claims Act §10 (3) that establish an initial 90-day commencement as of right, or a two-year commencement period from the timely service of a notice of intention to file a claim. The one-year and 90-day limitation also conflicts with Court of Claims Act § 10 (6) to the extent the latter relies upon the several statutes of limitations within CPLR article 2 for determining when an application to file a late claim would be time-barred. So also, the mandatory notice of claim and 30-day adjustment period within section 3567 (1) cannot be harmonized with the 90-day com *561 mencement as of right provision of section 10 (3). The service requirements within each statute are likewise inconsistent. Moreover, compelling compliance with the notice provisions of both statutes would unnecessarily duplicate the principal underlying purpose of each requirement, namely, to afford an adequate opportunity to investigate the incident and explore the merits of the claim (see Caselli v City of New York, 105 AD2d 251, 252-253 [1984] [addressing General Municipal Law § 50-e]; Schmidt v State of New York, 279 AD2d 62, 66 [2000] [addressing Court of Claims Act § 10 (3)]). Since the statutes cannot be reconciled, the earlier, general notice and time limitations within Court of Claims Act § 10 must yield to those later established under Public Authorities Law § 3567 (1).
Turning to the heart of the matter, both Court of Claims Act § 10 (3) and General Municipal Law § 50-e (1) compel a claimant who seeks to recover in tort to take action within 90 days of accrual of a cause of action, although the methodologies in each instance differ. Each statute also allows for discretionary relief from a failure to take timely action, based upon a review of specific listed factors, as well as other considerations that the court deems relevant. In neither application is the presence or absence of any particular factor dispositive (see Bay Terrace Coop. Section IV v New York State Employees’ Retirement Sys. Policemen’s & Firemen’s Retirement Sys., 55 NY2d 979, 981 [1982] [Court of Claims Act § 10 (6) review]; Hilton v Town of Richland, 216 AD2d 921 [1995] [General Municipal Law § 50-e (5) review]). The factors listed in each analysis, and weight to be afforded those factors, vary in some respects. Notably, the appearance of merit, so prominent a factor in a section 10 (6) evaluation (see Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1, 11-12 [1977]), and so strongly contested in the submissions herein, is not listed within General Municipal Law § 50-e (5), and, except where the claim is “patently merit-less,” is not to be considered (Weiss v City of New York, 237 AD2d 212, 213 [1997]). However, three other factors addressed by claimant in seeking relief under Court of Claims Act § 10 (6), namely, the absence of substantial prejudice from the delay, reasonable excuse, and whether the public corporation acquired notice of the essential facts constituting the claim within 90 days of accrual, have been deemed “key factors” in an application for leave under General Municipal Law § 50-e (5) (see Hilton v Town of Richland, supra). All three considerations weigh strongly in claimant’s favor, particularly in view of *562 defendant’s failure to address issues other than merit and the statute of limitations in its responding affidavit (see Cole v State of New York, 64 AD2d 1023, 1024 [1978] [presumption in favor of claimant resulting from failure to respond to factor addressed in section 10 (6) motion]). Regarding prejudice, the court has considered that the records necessary to investigate the circumstances underlying the claim are within defendant’s control, and that the delay does not appear to have impaired its ability to conduct such a review. The court also finds the excuse offered for lack of timely action, i.e., that claimant only learned that she had breast cancer in April of 2003, due to the very conduct in question, to be reasonable. As to notice of the essential facts, the hospital must be deemed to have possessed actual notice by reason of its possession of the records of its treatment of claimant for the matter in dispute (see Strobel v County of Lewis, 147 AD2d 948, 949 [1989]). Moreover, claimant’s treating physician is herself an employee of Roswell Park. For those reasons the court will grant relief to claimant, albeit under the statutory framework urged by defendant.
Defendant also urges that the application must fail by reason of the expiration of the one-year and 90-day statute of limitations. In response, at least one of the claims of malpractice would have accrued in September of 2002, and thus would not be time-barred under Public Authorities Law § 3567 (1) (c). Whether the February 2002 and earlier incidents could also serve as a basis for recovery may well depend on whether claimant can properly assert the “continuous treatment doctrine” to toll the statute of limitations while her course of treatment was ongoing (see generally McDermott v Torre, 56 NY2d 399 [1982]; Couzens v Augustine, 305 AD2d 1012, 1013 [2003]). On the submissions, the court will not foreclose claimant from the opportunity to assert such claims, or preclude defendant from raising the statute of limitations as an affirmative defense once the action is commenced.
Based upon the above, it is ordered that claimant’s motion is denied to the extent relief is premised upon Court of Claims Act §10 (6), but granted to the extent set forth in Public Authorities Law § 3567 (1) and General Municipal Law § 50-e (5).