OPINION OF THE COURT
Michael E. Hudson, J.
This motion relates to the death of Kevin Mark Holmes on April 13, 2003. His widow Gail A. Holmes was thereafter issued letters testamentary by the Surrogate’s Court of Onondaga County (Wells, J.) on June 24, 2003. Prior to the issuance of her letters of appointment, claimant attempted to file a “Verified Notice of Intention to Make Claim” with the Clerk of the Court of Claims by Federal Express overnight delivery, dated May 14, 2003. The movant also served her notice of intention upon the Attorney General, again by Federal Express, with delivery effected May 15, 2003. That notice of intention alleged negligence, recklessness and malpractice on the part of the State of New York, Roswell Park Cancer Institute Corporation, and its agents, *448 servants, employees and representatives in their treatment of the decedent on or about February 17, 2003, while a patient at Roswell Park. Mrs. Holmes subsequently filed this motion, initially seeking an order declaring that her notice of intention was timely and properly served, or a grant of leave to file and serve a late notice of intention to make claim, apparently in reliance upon Court of Claims Act § 10 (6). Claimant later supplemented her application on two occasions, first to request an order allowing the filing and service of a late claim under Court of Claims Act § 10 (6), and thereafter to seek leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). The court notes that although the original notice of intention was directed to the State of New York and Roswell Park, the instant motion and proposed notice of claim also name Phillip McCarthy, M.D., as an anticipated defendant. For reasons that follow, the court will grant leave under General Municipal Law § 50-e and Public Authorities Law § 3567 (1) to serve a late notice of claim solely upon Roswell Park. The court will deny all other requests for relief.
The court will first discuss claimant’s applications as they relate to Dr. McCarthy. The jurisdiction of the Court of Claims is established by statute, and generally limited to claims for damages against the State, including suits that result from the torts of its officers and employees while acting in such capacities (Court of Claims Act § 9 [2]). That jurisdiction would also extend to claims against certain state authorities and other entities, again as established by statute. Under one such statute, Public Authorities Law § 3554 (1) and § 3567 (6), the venue for damage suits against Roswell Park resulting from the torts of its employees has been placed exclusively in this court. Conversely, it has long been recognized that the Court of Claims lacks the jurisdiction to hear claims against individual defendants, even where those persons are state employees (Smith v State of New York, 72 AD2d 937, 938 [1979]). For that reason claimant cannot pursue her claim directly against Dr. McCarthy in this court, notwithstanding support within the submissions that he was the attending physician who treated the decedent at Roswell Park, and that he may have been an employee of that hospital.
Next, the court will deny the application for leave to serve a late notice of intention to file a claim. Court of Claims Act § 10 (6) has established a single discretionary remedy for persons who fail to either serve a notice of intention or file and serve a claim proper within the time constraints set forth within *449 section 10. That remedy would be a late claim, and no allowance otherwise exists within the Court of Claims Act for the relief now sought. The lack of discretionary authority to grant leave with respect to a notice of intention was recognized in De Hart v State of New York (92 Misc 2d 631, 634-637 [1977]), wherein the Court of Claims (Moriarty, J.) provided persuasive justification for rejecting an earlier unreported decision to the contrary. Moreover, a grant of late service of a notice of intention would do little to promote the dual purposes such notices are intended to advance. Those purposes have been recognized as follows: to extend the time limitation for the commencement of suit beyond the 90-day limit otherwise set forth within Court of Claims Act § 10; and to enable the State to conduct a prompt investigation of a possible claim, in order to ascertain the existence and extent of its liability (see Schmidt v State of New York, 279 AD2d 62, 65-66 [2000]). With respect to the former, a late notice allowance would not so much work to extend a time limitation as it would to afford a remedial benefit to a claimant who already had missed the 90-day deadline. As to the latter, which has been recognized as the primary purpose of the notice requirement (see De Hart v State of New York, 92 Misc 2d at 637), the grant of a late notice of intention clearly could not facilitate the investigation of claims for the benefit of the State within the anticipated 90-day period following accrual. Lastly, recognition of such a remedy is unnecessary, since section 10 (6) expressly affords a similar form of relief to those who have failed to take timely action to pursue their claims.
Notwithstanding the above, the court will deny leave to file and serve a late claim under Court of Claims Act § 10 (6), based upon several differing considerations, and in part without prejudice to a subsequent application. Any late claim relief regarding Roswell Park would be governed by Public Authorities Law § 3567 (1), and by reference therein, General Municipal Law § 50-e, rather than Court of Claims Act § 10 (6) (Matter of Tyson v Roswell Park Cancer Inst. Corp., 4 Misc 3d 556 [Ct Cl 2003, Hudson, J.]).[2] Although section 10 (6) does apply to a late claim application against the State, nothing within the submissions would support such relief. Roswell Park is a public corporation, specifically empowered to operate its hospital facility, and provide health and medical services to the public (Public Authorities Law § 3553 [1] [a]). The facility also has the *450 power to sue and be sued in its own name (Public Authorities Law § 3554 [1]; § 3567). Such public corporations enjoy an existence separate and apart from the State, an autonomy deliberately designed to allow them a freedom and flexibility not permitted to an ordinary state board, department or commission (see Matter of Plumbing, Heating, Piping & A.C. Contrs. Assn. v New York State Thruway Auth., 5 NY2d 420 [1959] [addressing autonomy of New York State Thruway Authority from State in contract bidding matters]). That autonomy has been recognized as ordinarily exempting the State from liability for the torts of an authority based upon respondeat superior grounds (see Malone v State of New York, 285 App Div 1218 [1955], affd 1 NY2d 837 [1956]; Pantess v Saratoga Springs Auth., 255 App Div 426 [1938]; Matter of Santana v New York State Thruway Auth., 92 Misc 2d 1, 7 [1977]). Here, claimant has not set forth any basis for imposing liability against the State for the conduct that occurred at Roswell Park beyond its creation of that public corporation. Weighing the lack of apparent merit to any claim against the State, and the ready existence of alternative remedy, the court will now deny relief under section 10 (6), although without prejudice to a further application that affords some arguable basis for imposing liability against the State.
The court will grant claimant’s application to serve a late notice of claim upon Roswell Park. Public Authorities Law § 3567 (1) and § 2980, respectively, compel service of a notice of claim pursuant to General Municipal Law § 50-e as a condition precedent to the commencement of an action to recover for personal injury and wrongful death. As discussed in Tyson, relief from the failure to timely serve a notice of claim would be governed by General Municipal Law § 50-e (5), and not Court of Claims Act § 10 (6). Three key factors have been identified in determining whether to grant such discretionary relief: whether claimant has shown a reasonable excuse for the delay; whether Roswell Park had actual or constructive notice of the essential facts constituting the claim within 90 days of its accrual, or a reasonable time thereafter; and whether the delay would substantially prejudice the hospital in maintaining its defense (Hilton v Town of Richland, 216 AD2d 921 [1995]). Regarding excuse, while claimant initially sought to correct or ratify the filing and service of a notice of intention by Federal Express overnight delivery, at a point prior to her receipt of letters testamentary, she has now addressed errors that relate to the relationship be *451 tween Roswell Park and the State, and the unique claims methodology established under Public Authorities Law § 3567. Such errors, which ultimately spring from confusion as to the identity of the public entity against which the claim should be asserted, can be excused in a late claim application pursuant to General Municipal Law § 50-e (5), provided a prompt application for relief is made after discovery of the error (see Santana v Western Regional Off-Track Betting Corp., 2 AD3d 1304 [2003], lv denied 2 NY3d 704 [2004]). Here, claimant has promptly moved for relief.
Regarding notice of essential facts and prejudice, it is undisputed that the Attorney General, who is defending this matter on behalf of both the State and Roswell Park, actually received claimant’s notice of intention on May 15, 2003, some 32 days after her husband’s death. Moreover, the decedent’s physician is allegedly an employee of Roswell Park, and the treatment in question was rendered within that hospital. Although the hospital has challenged the purported admission of error by Dr. McCarthy on grounds of hearsay, it has not alleged that either the physician or the records of treatment are unavailable, or otherwise demonstrated that it has been prejudiced by reason of delay.
Defendant has urged that, notwithstanding this court’s determination in Tyson, the appearance of merit should be affirmatively weighed in determining late claim relief against Roswell Park. That factor, one of the six statutory factors to be considered in a review under Court of Claims Act § 10 (6), is only to be considered in a General Municipal Law § 50-e (5) application when the claim is “patently meritless” (Weiss v City of New York, 237 AD2d 212, 213 [1997]). For that reason the court will not consider the appearance of merit at this time. So also, the court rejects the State’s related assertion that a certificate of merit under CPLR 3012-a should have been appended to claimant’s motion papers. An application for leave to serve a late notice of claim does not require a CPLR 3012-a certificate (see Matter of McLaughlin v County of Albany, 258 AD2d 778, 779 [1999]).
Lastly, in view of the above the court will decline claimant’s request for a declaration that her initial service of a notice of intention in May 2003 was proper.
Based upon the above, it is ordered that claimant’s motion with respect to Roswell Park is denied to the extent premised upon Court of Claims Act § 10 (6), but granted as set forth in *452 Public Authorities Law § 3567 (1) and § 2980, and General Municipal Law § 50-e (5). If claimant has not so acted as of this date, she is to serve her notice of claim in conformity with the requirements of General Municipal Law § 50-e. The claim proper is to be filed and served in conformity with the requirements of Court of Claims Act §§11 and 11-a, with service also being made upon Roswell Park.
All other requests herein are denied.

. Unpublished decisions and orders and selected decisions of the Court of Claims are available at www.nyscourtofclaims.state.ny.us.