■ In the Matter of Joyce A. LaMonte, Respondent, v County of Broome, Appellant. [797 NYS2d 785]—

Mercure, J.P. Appeal from an order of the Supreme Court (Dowd, J.), entered May 19, 2004 in Broome County, which granted petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to file a late notice of claim.

On December 6, 2001, petitioner sustained injuries when she fell while attempting to board a Broome County Transit bus, allegedly due to the bus driver's negligence. Petitioner's application for leave to file a late notice of claim was granted by Supreme Court, and this appeal ensued.

Respondent did not oppose petitioner's application to file a late notice of claim, but it maintains that Supreme Court erred by deeming the notice of claim timely served as of February 26, 2003, the day on which petitioner's motion papers were served on respondent. According to respondent, petitioner is required to serve a new notice of claim because the notice that she served with her motion papers prior to securing the court's permission to file late is a nullity. We disagree.

It is undisputed that a copy of the notice of claim was received by the County Attorney's office within the one year and 90-day statute of limitations (*see* General Municipal Law § 50-e [5]; *Carr v City of New York*, 176 AD2d 779, 779-780 [1991]; *compare Schwinghammer v Sullivan W. Cent. School Dist.*, 2 AD3d 1126, 1126-1127 [2003]; *Mazzola v Kelly*, 281 AD2d 604, 604 [2001]). We perceive no error in Supreme Court deeming petitioner's late notice of claim timely served nunc pro tunc (*see Matter of*

*Fast v County of Broome*, 151 AD2d 930, 932 [1989]; *see also Hale v Webster Cent. School Dist.*, 12 AD3d 1052, 1052 [2004]; *Weiss v City of New York*, 237 AD2d 212, 212-213 [1997]), and we refuse to "elevate form over substance" (*Matter of Fast v County of Broome, supra* at 932). We have considered respondent's remaining contentions and find them to be without merit.

Crew III, Peters, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.