OPINION OF THE COURT
Michael E. Hudson, J.
Claimant has moved under Court of Claims Act § 10 (8) to treat a timely notice of claim as a claim against Roswell Park Cancer Institute Corporation.
This application raises the issue of whether the provisions of Court of Claims Act § 10 (8) can apply in litigation against Roswell Park Cancer Institute Corporation. For reasons that follow, the court holds that relief under section 10 (8) is inapplicable to claims against that public corporation, notwithstanding that the venue for such litigation has been placed in the Court of Claims.
Claimant seeks to recover for injuries allegedly sustained in a fall at Roswell Park on December 4, 2006, while she was visiting a patient at the hospital facility. She served a notice of claim upon counsel for the hospital and the Attorney General on February 28, 2007, and identified Roswell Park as the entity against which she intended to make a claim {see affidavit of Laura C. Doolittle, exhibit A [notice of claim]). On that same date claimant also served a separate “notice of intention”[2] upon the Attorney General {see Doolittle affidavit, exhibit C [notice of intention]), which set forth her intention to sue the State of New York, but otherwise mirrored the substantive allegations of negligence and injury set forth in her notice of claim against Roswell Park. Thereafter, on August 29, 2007, claimant submitted to an examination under oath by an attorney for Roswell Park, pursuant to General Municipal Law § 50-h and Public Authorities Law § 3567 (2) {see Doolittle affidavit, exhibit D [transcript of examination under oath]). Ms. Gibson took no *640 further action to pursue litigation against either entity until June 9, 2008, when she filed this motion.[3]
Having failed to commence litigation against Roswell Park within the one-year-and-90-day time limitation period set forth within Public Authorities Law § 3567 (1), claimant now moves to have the court deem the timely notice of claim that she previously served upon Roswell Park and the Attorney General to constitute a claim against the hospital.[4] In so moving, Ms. Gibson relies upon Court of Claims Act § 10 (8) (a), which allows a claimant who timely serves a notice of intention, but fails to timely serve or file a claim, to seek permission of the court to treat the notice of intention as a claim. The hospital opposes the motion on the grounds that it is time-barred, and seeks a remedy that is unauthorized for claims against Roswell Park in light of the unique manner by which claims against the hospital are commenced in the Court of Claims. On consideration the court must deny claimant’s application.
Preliminarily, the court rejects Roswell Park’s assertion that the motion under section 10'(8) (a) is itself untimely. That statute provides inter alia that “[t]he court shall not grant such application unless: it is made upon motion before an action asserting a like claim against a citizen of the state would be barred under the provisions of article two of the civil practice law and rules” (Court of Claims Act § 10 [8] [a]). Pursuant to CPLR article 2, and specifically CPLR 214 (5), the statute of limitations in an action to recover damages against a citizen of the state for personal injury would be three years from accrual. The court understands that Public Authorities Law § 3567 (1) requires that an action against Roswell Park to recover for negligence must be commenced within one year and 90 days of accrual, and that CPLR 201 acknowledges that the time limitations within CPLR article 2 are subject to such differing times prescribed by law. Nevertheless, section 10 (8) (a) expressly *641 provides that the measure of timeliness for such applications corresponds to statutes of limitations for suits against private citizens of the state, rather than municipalities, public corporations or the State itself. Thus, to the extent section 10 (8) might apply herein, claimant’s motion would be timely, since it clearly has been made within three years of the December 4, 2006 accrual date.
On the merits, however, the application must fail. The jurisdiction of the Court of Claims is not limited to damage claims against the State itself, but also extends to such entities as the New York State Thruway Authority (see Public Authorities Law § 361-b), City University of New York (CUNY) (see Education Law § 6224 [4]), and Olympic Regional Development Authority (ORDA) (see Public Authorities Law § 2622).[5] In those instances the Legislature has provided, with minor variations in verbiage, that litigation would proceed in the same manner and to the extent provided by and subject to the provisions of the Court of Claims Act with respect to claims against the State (see Public Authorities Law §§ 361-b [Thruway Authority], 2622 [4] [ORDA]; Education Law § 6224 [4] [CUNY]). In contrast, when the Legislature enacted Public Authorities Law article 10-C, title 4, the “Roswell Park Cancer Institute Corporation Act,” effective October 14, 1997, it fixed the venue for contract, tort and wrongful death claims against the hospital in the Court of Claims, but without expressly providing that such litigation would be subject to the provisions of the Court of Claims Act, or proceed in the same manner as a claim against the State (see Public Authorities Law § 3554 [1]; § 3567 [1], [6]). Instead, in addressing commencement procedures for tort and wrongful death claims, the Legislature directed that the notice of claim provisions of General Municipal Law § 50-e, and related pleading and timing matters otherwise foreign to the practice in this court, would control the manner by which litigation against the hospital is initiated (see Public Authorities Law § 3567 [1]; § 2980 [by reference]).
Section 3567 (1) compels the service of a notice of claim upon Roswell Park within the time set by and in compliance with General Municipal Law § 50-e as a condition precedent to the pursuit of tort litigation. That section further directs that upon *642 commencement the pleading[6] recite that at least 30 days had elapsed following the service of the notice of claim, and that adjustment or payment of the claim had been neglected or refused. The statute also sets forth a one-year-and-90-day time limitation for the commencement of litigation. In addressing wrongful death claims, section 3567 (1) requires a litigant to comply with the notice of claim and time limitations set forth within Public Authorities Law article 9, title 11 (§ 2980 et seq.), which similarly compels the service of a notice of claim pursuant to General Municipal Law § 50-e as a condition precedent to the pursuit of a wrongful death claim against the hospital. Public Authorities Law § 2980, and by reference General Municipal Law § 50-e (1), require that the notice of claim is to be served within 90 days of the appointment of an estate representative, while Public Authorities Law § 2981 directs that litigation commence within two years of the decedent’s death.
The commencement methodology for tort and wrongful death claims against Roswell Park varies significantly from those set forth within Court of Claims Act § 10 (2), (3), (3-a) and (3-b), and which otherwise control the time limitations for filing such claims in this court.[7] Significantly, those provisions make no mention of General Municipal Law § 50-e, or a “notice of claim” as a condition precedent to the pursuit of a claim. Instead, a claimant is allowed to commence litigation as of right, by filing[8] a claim within 90 days after accrual for various tort matters (see Court of Claims Act § 10 [3], [3-a], [3-b]), and within 90 days after appointment of an estate representative in a wrongful death claim (see § 10 [2]). In those instances a claimant also possesses the option to extend the time for commencement through the service of a “notice of intention to file a claim” within those same 90-day periods. The service of a notice of intention would extend the period for commencement to two years from accrual for negligence and unintentional tort claims (see § 10 [3], [3-a]), one year from accrual for intentional torts (see § 10 [3-b]), and two years from the death of the decedent in wrongful death *643 claims (see § 10 [2]).[9] That concept — the use of a notice of intention to extend the time to litigate — is not addressed within Public Authorities Law § 3567 (1) and § 2980, or General Municipal Law § 50-e, in establishing commencement procedures against Roswell Park.
In Matter of Tyson v Roswell Park Cancer Inst. Corp. (4 Misc 3d 556 [2003]) and Holmes v State of N.Y., Roswell Park Cancer Inst. Corp. (5 Misc 3d 446 [2004]) this court previously addressed the disparate commencement procedures for tort and wrongful death claims against Roswell Park and those otherwise venued in the Court of Claims, as it considered the means by which a claimant might pursue late claim relief against the hospital. In that regard, both General Municipal Law § 50-e (5) and Court of Claims Act § 10 (6) provide a remedy, although the specific form of relief — the late service of a notice of claim under section 50-e (5), and the late filing and service of a claim under section 10 (6) — again vary significantly, and in a manner that cannot be reconciled. In each instance this court held that under Public Authorities Law § 3567 (1) and § 2980 the provisions of section 50-e (5), rather than section 10 (6), or some combination thereof, would govern the manner of review of relief for the failure to timely serve a notice of claim. Similarly, the court now holds that the provisions of section 3567 (1) cannot be reconciled with Court of Claims Act § 10 (8) (a), so as to afford claimant the remedy she requests. As outlined above, there is a functional distinction between the notice of claim that serves as a condition precedent in litigation against Roswell Park and the permissive notice of intention otherwise available in this court to extend the period for commencement. For that reason the court will not deem a notice of claim as the equivalent of a notice of intention for purposes of relief under section 10 (8) (a). Moreover, and critically, section 3567 (1) has set forth a one-year-and-90-day statute of limitations for tort litigation against the hospital that is completely at odds with section 10 (8)’s application of the statutes of limitations set forth within article 2 of the CPLR. Since those statutes cannot be harmonized, the court must favor the provisions of *644 section 3567 (1), as a subsequent specific enactment, over the preexisting general provisions within section 10 (8) (see McKinney’s Cons Laws of NY, Book 1, Statutes § 398; see also Erie County Water Auth. v Kramer, 4 AD2d 545, 550 [1957], affd 5 NY2d 954 [1959]), and deny the requested relief.
Based upon the foregoing, it is hereby ordered, that claimant’s motion is denied.

. A “notice of intention to file a claim” (see Court of Claims Act § 10 [3]).

. It appears that on or about November 15, 2007, claimant’s prior counsel served a “notice for discovery and inspection” upon Roswell Park. That demand was rejected as premature by counsel for the hospital on November 21, 2007, on the ground that the matter had not been placed into suit (see affidavit in opposition of Richard B. Friedfertig, exhibit B [correspondence and discovery demands]). Claimant’s former counsel took no action to commence litigation at that time.

. In this motion claimant has not sought relief with respect to the State. During the pendency of this motion, Ms. Gibson filed a claim (claim No. 115624, filed Aug. 4, 2008) seeking to recover against the State for the incident.

. The Court of Claims also has jurisdiction over appropriation matters involving the Power Authority of the State of New York (see Public Authorities Law § 1007 [10]).

. Identified within section 3567 (1) as the “complaint or moving papers.”

. Inmate property claims are addressed separately within Court of Claims Act § 10 (9).

. Court of Claims Act § 11 (a) (i) and (ii) direct that service of the claim also must be effected within the same time periods set forth for the filing of a claim.

. Court of Claims Act § 10 (4) also allows for the service of a notice of intention for contract claims and other causes of action not otherwise addressed within the statute. The time period for commencement or service of the notice of intention is six months from accrual.