OPINION OF THE COURT
Michael E. Hudson, J.
Claimant has moved to serve a late notice of claim upon Roswell Park Cancer Institute Corporation, pursuant to General *580 Municipal Law § 50-e (5). He also seeks to allow the notice of claim served with the motion papers to satisfy the condition precedent set forth within Public Authorities Law § 3567 (1). On review, the court will grant the motion.
Claimant seeks to recover for the alleged medical malpractice of hospital personnel at Roswell Park Cancer Institute Corporation (Roswell Park) in treatment rendered to him between March 10, 2009 and April 28, 2009. Mr. Clark reportedly had been admitted to Roswell Park on March 10, 2009, for surgery to remove an apparent cancerous mass from his lower colon {see attorney’s affidavit of Michael R. Drumm, sworn to July 21, 2010 [Drumm affidavit], exhibit A, at 1-4 [hospital records]). The hospital records, and assertions within an affidavit from a medical expert, Fred Berkowitz, M.D., sworn to July 19, 2010, support that Mr. Clark developed a fever and other symptoms on March 14 and 15, 2009, and that a CT scan was conducted on March 15, 2009, to assess the surgical site. Claimant was allegedly diagnosed with an anastomotic leak to his surgical site on March 16, 2009, and underwent surgery to address that leak later that same day. Mr. Clark claims to have undergone multiple additional surgeries, including a colostomy, in the treatment of complications that resulted from his anastomotic leak, and remained in Roswell Park until April 28, 2009. At that point claimant was discharged to Buffalo General Hospital, where he evidently underwent inpatient rehabilitation treatment until May 8, 2009. Following his release from Buffalo General Hospital he pursued outpatient treatment for his condition at Roswell Park through late June of 2009, and subsequently underwent further treatment at that facility until September 21, 2009.[2]
Claimant now seeks leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5). He also requests that the court deem the notice of claim that he tendered with the motion to satisfy the 30-day condition precedent set forth as a pleading requirement under Public Authorities Law § 3567 (1). Defendant opposes the motion on several grounds, including claimant’s failure to demonstrate a reasonable excuse, and its lack of actual or constructive knowledge of the facts. Specifically, the hospital urges that mere possession of claimant’s medi *581 cal records is insufficient to establish notice. Defendant also contends that claimant failed to properly serve this application upon Roswell Park, such that this court lacks jurisdiction to grant the requests for relief.
For reasons that follow, the court will grant the application for leave to serve a late notice of claim.
Initially, the court rejects defendant’s assertion that this court lacks jurisdiction to consider the application by reason of claimant’s failure to serve Roswell Park directly. Pursuant to Public Authorities Law § 3567 (1) claimant was required to comply with General Municipal Law § 50-e in the service of a notice of claim upon Roswell Park within 90 days of accrual, as a condition precedent to the filing of a claim against that public corporation (see Matter of Tyson v Roswell Park Cancer Inst. Corp., 4 Misc 3d 556 [2003]). Relief from the failure to take timely action is governed by General Municipal Law § 50-e (5). Although General Municipal Law § 50-e (3) (a) sets forth specific provisions for the service of a notice of claim, including service by delivery “to an attorney regularly engaged in representing such public corporation,” the statute is silent with respect to the manner by which an application for leave to file a late notice of claim is to be served. That omission is intentional, and is designed to mitigate the harsh consequences to potential litigants from the application of rigid service requirements that existed under the prior statute (see Matter of Callahan v City of New York, 75 NY2d 899, 901-902 [1990]). In weighing the issue of whether jurisdiction to consider a motion under section 50-e (5) has been established the key consideration is whether the public corporation received actual notice of the application (id.). Here, Roswell Park did receive actual notice, and has been able to fully defend on the merits. Moreover, the manner of service effected by claimant — upon the Attorney General’s Office— comports with the service provisions for a notice of claim under the statute, since that office regularly engages in the representation of Roswell Park in litigation in the Court of Claims.[3] For those reasons the court will decline to deny the application by reason of the lack of service upon the hospital directly.
*582 In addressing the merits of the motion the court again is guided by section 50-e (5).* **[4] The statute requires that the court consider one factor in particular — whether within the initial 90 days, or a reasonable time thereafter, the public corporation, or its attorney or insurance carrier, acquired actual knowledge of the essential facts constituting the claim (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 535 [2006]). The court is then directed to consider “all other relevant facts and circumstances” including, but not limited to: infancy, death or disability; justifiable reliance on settlement representations and/or excusable error regarding identity of the public corporation — all in the nature of “excuse.” This court should further consider whether the delay would substantially prejudice the hospital in maintaining its defense (see Williams, 6 NY3d at 538-539; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147 [2008]). Those listed factors are not intended to be exhaustive (see Williams, 6 NY3d at 535, 539). Nevertheless, the appearance of merit, a factor so critical in determining a late claim application against the State pursuant to Court of Claims Act § 10 (6), is only to be considered in a review under section 50-e (5) to the extent the claim could be “patently meritless” (see Matter of Hess v West Seneca Cent. School Dist., 15 NY3d 813, 814 [2010]; Weiss v City of New York, 237 AD2d 212, 213 [1997]).
Regarding notice, on the submissions Roswell Park clearly possessed knowledge of the incident at the point it occurred, as it was the hospital’s own employees who performed the initial surgery, and subsequently evaluated and treated Mr. Clark’s worsening condition. However, mere possession of medical records, without more, cannot be deemed actual knowledge of the essential facts constituting the claim (see Williams, 6 NY3d at 537-538; Matter of Ali v New York City Health & Hosps. Corp., 61 AD3d 860, 861 [2009], lv denied 13 NY3d 703 [2009]). In medical malpractice claims, actual knowledge can be found where the records detail the procedures used and the claimant’s injuries, and suggest that the facility may be responsible for those injuries (see Matter of Felice, 50 AD3d at 147-150 [ad *583 dressing meaning of “actual knowledge of the essential facts” in medical malpractice cases, in comparison to school’s record of cheerleading accident]; compare Williams, 6 NY3d at 538-539 [hospital records reflected a difficult birth, but revealed no indicia of lasting harm, as would afford notice of injury in birth process]). Here, the records reflect concern for a postsurgical problem, incertitude regarding test results, and numerous complications over a protracted period of hospitalization. The initial repair of the intestinal leak — a potential injury from the initial surgery — was followed by lengthy treatment, and a colostomy. Great weight must be accorded the hospital’s timely knowledge of those factors, such that the court finds that Roswell Park possessed actual notice of the essential facts upon which the claim is premised on the basis of the records themselves. The court is additionally persuaded that Dr. Berkowitz opined on the issue of malpractice in the delay in responding to claimant’s symptoms on March 14-15, 2009, solely on the basis of his review of entries within those same medical records. The hospital has failed to offer any responsive expert opinion that those records fail to afford notice that the medical staff, by its acts or omissions, caused an injury to Mr. Clark.
Claimant’s excuse for his failure to timely act is his poor health following his discharge, and subsequent rehabilitation treatment. The court accepts that explanation, in limited part, since Mr. Clark’s medical records support that he remained hospitalized from the claimed March 14-16, 2009 incident until April 28, 2009. He then underwent inpatient rehabilitation until May 8, 2009, and — accepting for purposes of this analysis— continued outpatient treatment until September 21, 2009 (see Drumm affidavit, exhibit B, at 1 [hospital records]). His excuse for the 10-month delay between the end of his outpatient treatment until the filing of this motion — that he needed to regain strength and weight for a future surgery — is weak at best, since he failed to tender any medical substantiation to support his conclusory representation. Such medical evidence should have been provided to the court (see Matter of Gomez v City of New York, 250 AD2d 443 [1998], lv denied 92 NY2d 809 [1998]).[5] Moreover, claimant’s own medical records support that he was able to ambulate and drive by himself as of early June 2009 (see Drumm affidavit, exhibit C, at 1 [clinic notes]). Although the *584 suggested explanations for delay following Mr. Clark’s release from Buffalo General Hospital are deficient, the absence of sufficient excuse is not fatal where the hospital possessed actual notice of the facts that constitute the claim, and there is no compelling showing of prejudice to the hospital from the delay (see Matter of Henderson v Town of Van Buren, 281 AD2d 872, 873 [2001]; Matter of Blair v County of Ontario, 295 AD2d 933 [2002]; Weiss, 237 AD2d at 213).
A clear dispute of authority exists with respect to which party possesses the burden of establishing a lack of prejudice to defendant. Several of the authorities relied upon herein have held that that burden rests with claimant (see Matter of Felice, 50 AD2d at 152; Matter of Ali, 61 AD3d at 860). Similarly, in Williams the Court of Appeals affirmed a determination by the Appellate Division, Second Judicial Department, that reflected that the burden with respect to prejudice rested with the movant (see 6 NY3d at 538-539). In contrast, several decisions of the Appellate Division, Fourth Judicial Department, address that burden as resting with the respondent (see Matter of Hall v Madison-Oneida County Bd. of Coop. Educ. Servs., 66 AD3d 1434, 1435 [2009]; Joyce P. v City of Buffalo, 49 AD3d 1268 [2008]). Mr. Clark did not address the issue of prejudice within his written submissions, in the belief that it was defendant’s burden to establish that it had been prejudiced. The hospital, in turn, has urged that the burden of demonstrating a lack of prejudice initially rests with claimant. However, in the course of oral argument claimant’s counsel argued that claimant’s proof that Roswell Park possessed actual notice of the essential facts constituting the claim, based upon its own records, would also serve to support that it was not prejudiced by the delay. The court agrees, and finds that since actual notice has been established, defendant cannot, by its silence, sustain or refute any true issue of delay-related prejudice, at least on the record presented.
Claimant also requests that the purported service of a notice of claim with the notice of motion be deemed to satisfy the condition precedent of Public Authorities Law § 3567 (1). To the extent that such service was effected the court will deem the late notice of claim timely served nunc pro tunc (see Matter of LaMonte v County of Broome, 20 AD3d 756 [2005]; Hale v Webster Cent. School Dist., 12 AD3d 1052 [2004]; Weiss, 237 AD2d at 212-213). In the alternative, claimant remains free to serve and file his action contemporaneously with service of the notice *585 of claim, since section 50-e (5) provides, in relevant part, that an application for leave to serve a late notice may be made even after the commencement of the action against the public corporation.
Lastly, nothing herein shall be deemed to impair defendant’s right to conduct an examination pursuant to General Municipal Law § 50-h.
Based upon the above, it is ordered, claimant’s motion to serve a late notice of claim is granted pursuant to General Municipal Law § 50-e (5) and Public Authorities Law § 3567 (1). The court further directs that the claim proper is to be filed and served in conformity with the requirements of Court of Claims Act §§11 and 11-a, with service of the claim also being separately made upon Roswell Park.

. The court will not address the issue of continuous treatment, since claimant has not specifically raised the issue, and defendant has not urged that the application is time-barred under General Municipal Law § 50-i (1) and Public Authorities Law § 3567 (1).

. The court takes judicial notice of its own calendar, and notes that the Attorney General’s Office serves as counsel of record in two claims against Roswell Park that are pending at this time. That office has similarly defended Roswell Park in prior matters before this court, including two matters officially reported (see Gibson v Roswell Park Cancer Inst. Corp., 21 Misc 3d 638 [2008]; Holmes v State of N.Y., Roswell Park Cancer Inst. Corp., 5 Misc 3d 446 *582 [2004]), and another reported matter in the United States District Court for the Western District of New York (see Sulieman v Roswell Park Cancer Inst., 2008 WL 2690278, 2008 US Dist LEXIS 49817 [2008]).

. Court of Claims Act § 10 (6), which generally governs late claim applications in the Court of Claims, does not apply to motions for leave to file late notices of claim in litigation against Roswell Park, notwithstanding that the venue for such litigation has been placed in the Court of Claims (see Matter of Tyson v Roswell Park Cancer Inst. Corp., 4 Misc 3d 556 [2003]).

. The affidavit submitted by Dr. Berkowitz did not address whether claimant’s physical condition would have impaired his ability to timely file a notice of claim.